IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :<br>: Criminal No.:<br>: |
| v. | :<br>: **UNDER SEAL**<br>: |
| **Abu Agila Mohammad Mas'ud Kheir Al-Marimi,**<br>a/k/a Abu Agila Muhammad Mas'ud Kheir Al-Marimi,<br>a/k/a Abu Agila Muhammad Mas'ud Kheir,<br>a/k/a Hasan Abu Ojalya Ibrahim, | :<br>:<br>:<br>:<br>:<br>: |
| Defendant. | : |

## MOTION AND SUPPORTING MEMORANDUM TO SEAL INDICTMENT, ARREST WARRANT, AND RELATED PAPERWORK

The United States of America, by its attorney, Matthew M. Graves, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4), to place under seal the Indictment and Arrest Warrant for defendant, **Abu Agila Mohammad Mas'ud Kheir al-Marimi, a/k/a Abu Agila Muhammad Mas'ud Kheir Al-Marimi, a/k/a Abu Agila Muhammad Mas'ud Kheir, a/k/a Hasan Abu Ojalya Ibrahim** (hereinafter referred to as "the Defendant") in the above-captioned case. The United States requests that Defendant's Indictment, Arrest Warrant, the United States' Motion to Seal and all related documents, remain sealed for good cause until further Order of this Court. In support of its motion, the government asserts the following:

1.      An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. *See United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979).

2.      Earlier today, November 29, 2022, a federal grand jury returned a three-count Indictment against the Defendant charging him with criminal offenses for his involvement in the mid-air bombing of Pan American World Airways Flight 103, which occurred over Lockerbie, Scotland, on December 21, 1988. Pan Am 103 was *en route* from London Heathrow to John F. Kennedy Airport in New York. The bombing killed all 259 persons on the aircraft, as well as 11 residents on the ground in Lockerbie. Since that date, the United States and Scotland have jointly investigated this international terrorism attack in an effort to bring all those responsible for it to justice.

3.      Defendant had previously been charged for these crimes by a sealed Criminal Complaint in Case No. 20-mj-252.

4.      Upon motion of the United States, the Criminal Complaint was unsealed on December 21, 2020. At that time, the United States announced to the world its charges against the Defendant for his role in the offenses now charged in the Indictment. Since that time, the United States has made continuous efforts to obtain custody of the Defendant.

5.      The United States believes that the Defendant is physically located in a foreign country that does not have an extradition treaty with the United States. Further, the current environment in that foreign country remains complex, unpredictable, dangerous, and fluid. The

United States has made formal diplomatic requests to officials in that foreign country in an attempt to secure the lawful transfer of custody of the Defendant from the foreign country to the United States.

6. All of our discussions with our foreign official counterparts have taken place in the context of an existing unsealed Criminal Complaint. The United States is gravely concerned that any new publication of charges of the Defendant by way of Indictment may cause confusion in that foreign country which would cause irreparable harm to the United States' ability to obtain physical custody of this Defendant to lawfully prosecute him in our courts.

7. For example, public disclosure of Defendant's Indictment at this time could jeopardize the United States' plans to identify and arrest the Defendant by disrupting ongoing sensitive diplomatic discussions concerning any potential transfer of this Defendant. Likewise, were Defendant to be alerted to his existing Indictment and Arrest Warrant, he could in the future flee and hide from apprehension. The foreign country involved could also end negotiations due to the publication of the Indictment.

8. Accordingly, the United States submits that under *Washington Post v. Robinson*, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Arrest Warrant, this Motion, and any Order to Seal, until such time as the Defendant is arrested and in the physical custody of the United States government, or until such time as the government moves to unseal.

9. In addition, the government respectfully moves for the Indictment and Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Indictment, the Arrest Warrant, and the Order to Seal to (1) appropriate U.S. and foreign law

enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the Defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

10.     We further request that the Court's order permit the unsealing of the Indictment, and any supporting documents and docket entries, and the Arrest Warrant by any United States District Court Judge or any United States Magistrate Judge, in any district, upon oral motion of the United States.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing the Indictment and Arrest Warrant as well as sealing this Motion and the Court's sealing Order until further order of this Court. A proposed Order is submitted herewith.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            UNITED STATES ATTORNEY
                                            D.C. Bar No. 481052

Date: November 29, 2022                By: */s/ Brittany Keil*
                                            Brittany Keil
                                            Assistant United States Attorney
                                            DC Bar No.: 500054
                                            Jerome J. Teresinski
                                            Special Assistant United States Attorney
                                            PA Bar No.: 66235
                                            Erik M. Kenerson
                                            Assistant United States Attorney
                                            OH Bar No.: 82960
                                            National Security Section
                                            United States Attorney's Office
                                            601 D Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 252-7201
                                            Erik.Kenerson@usdoj.gov
                                            Jerome.Teresinski2@usdoj.gov
                                            Brittany.Keil@usdoj.gov