IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. 22CR392 (DLF) |
| ) | |
| ABU AGILA MOHAMMAD ) | |
| MAS'UD KHEIR AL-MARIAMI ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO
THE COURT'S FEBRUARY 16, 2024, ORDER**

COMES NOW the defendant, by counsel, Whitney E.C. Minter and Todd M. Richman, Assistant Federal Public Defenders, and submits the following response to this Court's February 16, 2024, Minute Order.

With respect to victim access for non-evidentiary, pretrial hearings, the defense agrees with the government's proposal to accommodate access to court proceedings. Specifically, counsel for Mr. Al-Marimi agrees that the Court should make a Zoom (or comparable remote visual access system) public access line available, in the same manner as court matters were routinely made available to the public throughout the pandemic.

As to trial and any evidentiary hearings, however, the Court should impose greater restrictions on such access due to important concerns relating to the rule on witnesses and the integrity of the jury process. Specifically, the Court should adopt a system in which those proceedings would be made available to view by broadcast to designated sites, akin to the system adopted in *United States v. Moussaoui*,

1

1:01CR455 (EDVA).

Finally, the defense joins the government's request for additional time to propose a more detailed proposal with respect to those proceedings, once the government provides a more fulsome breakdown of the number and locations of individuals who meet the statutory definition of victims and who wish to have access to the proceedings.

In support of the above, defendant states as follows:

1. On January 26, 2024, the President signed into law a bill directing the District Court in this case to "order that reasonable efforts be made to make remote video and telephonic access to proceedings in the case available to the victims of crimes associated with the bombing of Pan Am Flight 103." *See* Docket No. 38. The statute further clarifies that it does not "eliminate or limit the discretion of a district court judge of the United States to control the manner, circumstances, or availability of remote video or telephonic transmissions where necessary to control the courtroom or protect the integrity of court proceedings or the safety of parties, witnesses, or other participants in the proceedings." *Id.*

2. On February 16, 2024, this Court entered an order instructing the parties to file a proposal to accomplish the goals of the statute.

3. Since that time, counsel for Mr. Al-Marimi has conferred with the government multiple times and the parties have determined that they

are not fully in agreement as to how the Court should carry out the goals of the statute.

4. Specifically, the government has indicated that they believe this Court should broadcast any pretrial evidentiary matters and the trial via Zoom. Counsel for Al-Marimi have significant concerns about the ability to limit access of proceedings conducted in such a manner to only those permitted by statute to view the proceedings. Failing to limit access could have significant implications for trial, to include violations of the rule on witnesses or dissemination of information that compromises the integrity of the jury process.[1]

5. Broadcasting the evidentiary hearings and trial to predetermined locations will accomplish the goal of affording greater access to the victims, while preserving the security and integrity of the judicial proceedings. Specifically, procedures such as those used in *United States v. Moussaoui,* will mean that only those authorized by statute to remotely view the proceedings are able to do so, that the evidentiary hearings and trial will not be recorded or broadcast to the public, and

---

[1] Counsel for the defense does not object to the use of a listening line through Zoom for non-evidentiary pretrial proceedings, but reserves the right to object to a hearing being broadcast in such a manner, if it would otherwise involve the risks described as to evidentiary matters and trial. Counsel is cognizant of the requirements of the statues and will be timely in any such objections, so that alternative accommodations can be arranged. Counsel would further request that the Court continue its practice of advising participants that only those who are authorized may access the proceedings in this manner and that any recording is prohibited.

that witnesses will not have access to testimony of others.

6. In *Moussaoui,* the court ordered that the proceedings be broadcast by closed-circuit television (CCTV) to a series of remote locations at other federal courthouses. Procedures were established to determine who should be considered a victim under the controlling statute in that case, to issue identification credentials to those victims, and to maintain judicial security at the remote viewing sites. Docket No. 39-2 at 2.

7. By broadcasting the proceedings to federal courthouses or other locations that can be made secure by judicial personnel, this Court can ensure that they are viewed only by those authorized and are not recorded. This will significantly reduce the opportunities for proceedings to be recorded and distributed to the media or on social media. It would not be difficult for an unauthorized individual to observe a personal device which is viewing the trial via Zoom. Worse, the broadcast can be easily recorded by another device and widely shared.

8. This Court can establish protocols for in-person viewing that ensure those who access the viewing sites are the same individuals who have been granted access by statute. And, by preventing recording devices in the remote courtroom, there will be no way for anyone to record the proceedings, just as there is no way to do so in the courtroom where the

trial takes place. This will significantly reduce the risk of violations of the rule on witnesses, as there is little chance that a witness would encounter unauthorized recordings of prior testimony. Likewise, eliminating the opportunity to record hearings or the trial also reduces the risk that members of the jury may inadvertently view recordings of witnesses or other proceedings.

9. In order to accomplish the above, arrangements will need to be made with various courthouses around the country, to include technical support, security, and access to the buildings. The scope of this planning will depend upon the number of victims who are authorized to view the proceedings and where they are located, which is information the government alone can provide, and has not completely collected at this time. Notably, the *Moussaoui* court determined the procedures for broadcasting the trial after collecting information about which victims would be eligible for remote viewing and had expressed interest in doing so.

10. Accordingly, counsel for Mr. Al-Marimi requests that the government be required to provide a list of the locations[2] of the individuals that meet the definition of victim under the statute who seek to view the

---

2 Undersigned counsel asks that the government provide the city, town, or general geographic location of the victim. Counsel does not seek the name, address, or other personal identifying information of any victim.

proceedings. Once both parties and the Court have this information, further determinations – such as the appropriate number of viewing locations and the specific location – and the logistical arrangements that follow can be made.

11. Counsel for Mr. Al-Marimi is further aware that there are likely to be individuals outside the United States who will meet the definition of victim and will request access. The options available to broadcast the proceedings to these individuals will likely turn on their location and, therefore, a specific plan for those outside of the United States should be determined only after assessing where the proceedings will need to be broadcast.

12. Additional time will be required to accomplish all of the above. Accordingly, counsel for Mr. Al-Marimi joins in the government's request that the deadline to provide a detailed proposal be continued to May 31, 2024.

For all of the foregoing reasons, defendant respectfully requests that the Court continue the deadlines outlined in its February 16, 2024, order to May 31, 2024.

Respectfully submitted,

By Counsel,
Geremy C. Kamens,
Federal Public Defender

By: _____/s/_____
Todd M. Richman
Va. Bar #41834
Whitney E.C. Minter
Va. Bar # 47193
Assistant Federal Public Defenders
Attorneys for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia     22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)