

CROWN OFFICE
25 CHAMBERS STREET
EDINBURGH EH1 1LA

Telephone: 0300 020 3000

The Honourable Dabney L. Friedrich,
United States District Judge,
District of Columbia

**By Email**

24 May 2024

Dear Judge Friedrich,

**United States v. Abu Agila Mohammed Mas'ud Kheir Al-Marimi**

I write to express my support for the US Government's motion in terms of Public Law No. 118-37, seeking remote video and telephonic access to Court proceedings for victims of the bombing of Flight Pan Am 103 over Lockerbie, Scotland on 21 December 1988.

As Lord Advocate for Scotland, it has been my great privilege to spend time with families and friends of those killed and I am repeatedly humbled by their continued dedication to seeking justice for their loved ones, now some 35 years on. 270 people lost their lives that terrible night, 190 of whom were from the United States of America. The remaining 80 passengers and crew hailed from 20 countries spread across the globe. To this day many of their families continue to engage with what has been an extraordinarily lengthy legal process with dignity and dedication. As Lord Advocate for Scotland, I feel a strong obligation to support them, wherever they may reside.

As the then Lord Advocate Colin Boyd QC stated to the court on 31 January 2001, the day that Abdelbaset Ali Mohmed Al Megrahi was convicted of this offence:

> *"My Lords, the names of those who died were read to the court on the 5th of May 2000. In any ordinary case, your Lordships would have heard something of the circumstances of the deceased and the family left behind. In this case it is not possible to do that, and I don't intend to try. I need hardly say to the court that each one left relatives, wives, husbands, parents and children. Something of the scale of the impact can be gleaned from the fact that more than 400 parents lost a son or a daughter; 46 parents lost their only child; 65 women were widowed; and 11 men lost their wives. More than 140 lost a parent, and seven children lost both parents."*

At the trial of Abdelbaset Ali Mohmed Al Megrahi and Al Amin Khalifa Fhimah in the Netherlands, now 24 years ago, family members were afforded access to view the proceedings in a number of ways. This included sponsored travel to attend the trial in person and remote video access at designated sites in the UK and in the US. In addition,



daily written updates of court proceedings were sent to family members via email and were posted on a secure website established by Syracuse University, the alma mater of 35 victims of the bombing.

During the Scottish appeals by Mr Megrahi in 2001 and 2009 regular updates were provided by prosecutors to families and a dedicated website was established.  In the posthumous appeal heard in November 2020, live online access was granted by the court to authorised applicants, allowing them to view appeal proceedings via the online platform Webex.  While such access was provided primarily as a consequence of restrictions imposed in response to the Coronavirus pandemic, it nonetheless provided access for many who would in ordinary circumstances have been unable to travel to court due to their age or location.  Up to 60 users at a time used this online feed during the 2020 Appeal, with capacity for 1000, and there were no reported instances of the online footage being inappropriately compromised.

The global nature of this case continues to present obstacles to the provision of nearest relatives' court access for all those who are entitled to it and desire it.  The most impactful of these are the differences in geographic location and time zones between many nearest relatives and your court, and the advanced age of many of the nearest relatives with the associated challenges to mobility and comfort this often brings.  And, as with any case of such severity and despite the time that has passed, not one day of this trial will be without its emotional challenges for those families and friends.  Were remote sites to be established allowing in-person access at, for example, the United States Embassy in London, or the United States Consulate in Edinburgh, or both, some relatives would still require to travel for many hours to reach these locations, and require to find accommodation in the area for the period during which they wished to view the trial.  This would pose both financial and practical challenges for these relatives and those supporting them.  It was notable that during the trial at Kamp Zeist in 2000, only a relatively small number of relatives were able to take advantage of the sponsored travel provision and remote site viewing access for the same reasons.

It is my sincere hope that all nearest relatives in these proceedings can be afforded an opportunity to observe justice being administered in a manner of which they can practically and comfortably avail themselves.

My prosecutors and officers of Police Scotland stand ready to assist our United States counterparts in any way necessary to facilitate such access, sharing as they do a steadfast commitment to the prosecution of this terrible crime, and to its victims.

Yours sincerely

*Dorothy R. Bain.*

**THE RIGHT HONOURABLE DOROTHY BAIN KC**
**LORD ADVOCATE**