**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**   :

**UNITED STATES OF AMERICA**   :

        **v.**         :        **Case No. 22-CR-00392 (DLF)**

**ABU AGILA MOHAMMAD**   :

**MAS'UD KHEIR AL-MARIMI,**   :

      **Defendant.**   :

## DECLARATION OF PAUL S. HUDSON

I, Paul S. Hudson, declare as follows:

1. I am the father of Melina Hudson who died on December 21, 1988, at age 16 in the bombing of Pan Am Flight 103 over Lockerbie Scotland with 269 other innocent victims.

2. I submit this declaration in support of the Court authorizing remote access to the criminal trial as well as pre-trial and post-trial proceedings to victims as defined in the enabling special legislation recently enacted and as otherwise provided by law.  Public Law 118-37 118th Congress 138 STAT. 11 January 26, 2024

   www.congress.gov/118/plaws/publ37/PLAW-118publ37.pdf

3. Since December 1988, I have been active with other relatives in seeking justice for the murder of my daughter and the loved ones of others.

4. I traveled to Lockerbie Scotland with six other American victim family members on December 23rd, 1988, and over the next week met with other grieving victim family

members, Lockerbie residents, clergy, Pan Am representatives, government responders
and officials.

5.  I arranged for the identification and retrieval of my daughter's body for transport to the
United States for her funeral on December 31st, 1988 in Albany, New York which was
attended by about 900 persons.

6.  They included her parents, four grandparents, three brothers then age 18, 9 and 7,
uncles, aunts, and cousins, plus classmates and friends.

7.  I witnessed in Lockerbie the devastation caused by the bomb which detonated in the
baggage hold of the Pan Am 747 jumbo jet at over 30,000 feet, causing it to break apart
into five main pieces raining bodies, debris and devastation on Lockerbie and the
surrounding countryside.

8.  In 1989, I co-founded and became the initial leader of two victim family relative
organizations, the Victims of Pan Am Flight 103 and then the Families of the Pan Am
103/Lockerbie.

9.  I am presently a board member of the Pan Am 103/Lockerbie Legacy Foundation which
maintains a large digital archive and interactive website for the public and all those
involved in the Pan Am 103 bombing aftermath. See https://www.pa103ll.org

10. I have also been an attorney for nearly 50 years, and as Counsel to the New York State
Crime Victims Board (1977-87) and in private practice, was the second lawyer in the
United States to devote full time to crime victim rights issues.

11. Approximately 190 of the 270 murdered victims were United States residents with the
largest concentration from the Northeast and Midwest (the flight departed Frankfurt

then stopped in London and headed for New York City and Detroit); the other 80

deceased victims were from 20 other countries.  Several thousand others in the

Lockerbie area were present at the scene and directly impacted by the disaster.

12. In the weeks after the bombing, I estimate approximately 100,000 people attended

funerals for the deceased victims, the great majority of whom were under 50 years of

age.

13. It has been over 35 years since this horrendous crime and mass murder occurred, which

ranks as the second most deadly foreign terrorist attack against America after 9/11 and

the most deadly terrorist attack and air disaster in British history.

14. Because many victims are now aged and/or infirm, because many lack financial

resources to travel thousands of miles to a District of Columbia court house, and

because many will not even know of the trial without US government notice and

assistance, only a tiny percentage of victims will be able to attend the trial and related

proceeding in person without remote access through the internet and at remote

physical locations.

15. So far, in these proceedings only about a dozen family members have attended in

person, and the court has not permitted remote access.

16. As to the family of Melina Hudson, I reside primarily in Sarasota Florida 1,000 miles from

the Court House, her brothers now reside in South America (4500 miles away), Miami

Florida (1200 miles away), and New York City, and her other surviving relatives and close

friends reside in Israel, Upstate New York, Maryland, Cleveland, Ohio, Indiana, South

Dakota, Texas, and Illinois.

17. I know other victim family members who reside in Europe, California, Utah, West Virginia and other states and countries; many are now in assisted livinghttps:// facilities or so infirm as to make travel to the Court House virtually impossible.

18. The court should also be aware that only a minority of victim family members have been involved with any of the victim family organizations and upon information and belief the Department of Justice contact list is far from being comprehensive and up to date.

19. Accordingly, if victims are to have a reasonable opportunity to attend the proceedings in this case, in addition to remote access, they will need notice plus financial and informational assistance; that can best in my opinion be provided by the US Office of Victims of Crime OVC within the US Department of Justice in cooperation with foreign crime victim government offices, crime victim NGOs, victim attorneys and other US government agencies.

20. As to the court's concerns, about security of the proceedings by restricting access to eligible victims, I believe that OVC is in the best position to provide notice, screening of eligible persons for remote access, assigning passwords and instructing victims on any restrictions on recording or rebroadcasting proceedings.

21. In light of the importance of the victim access to this trial, which has already resulted in swift Congressional action, the fact that crime victims are the real parties in interest but are not directly represented in these proceedings, it is respectfully requested that the court hold a hearing with remote and in person access prior to issuing its victim access order, so victims or their representatives can directly address and respond to any concerns by the parties or the court.

22. Finally, in situations of disagreement or problems with access, victims should have a

contact person with the court and, if necessary, standing to petition the court for trial

proceeding access.

   I declare under penalty of perjury that the foregoing is true and correct, except as to

any matters stated upon information and belief which I believe to be true.


Executed on May 30, 2024 at Sarasota, Florida.


Paul S. Hudson