## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **Case No. 22CR392 (DLF)** |
| | ) | |
| ABU AGILA MOHAMMAD | ) | |
| MAS'UD KHEIR AL-MARIAMI | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO UNITED STATES'**
**IMPLEMENTATION PROPOSAL TO ENSURE REMOTE ACCESS TO**
**COURT PROCEEDINGS FOR VERIFIED VICTIMS**

COMES NOW the defendant, by counsel, Whitney E.C. Minter and Todd M. Richman, Assistant Federal Public Defenders, and submits the following in response to the Government's Implementation Proposal to Ensure Remote Access [Dkt. No. 98].

The majority of the government's proposal does not appear to pose any risk to the integrity of the judicial proceedings in this case. With regard to Section V ("Additional Procedures"), however, there remains a concern that the rule on witnesses or the juror's recollection of the evidence could be compromised, depending on the information provided to the victims.

The government has advised that they believe the summaries would be factual and would include relatively limited descriptions of testimony (e.g., "Witness X testified about Y topic"), administrative matters (e.g., "court will resume at 9:00 a.m. tomorrow" or "there will be no court tomorrow"), a list of expected witnesses for

1

the following day, and a summary of any legal rulings.

The government has further stated that the summaries would be posted to the Victim Notification Service (VNS), which presumably means they would not be accessible by those who have not been deemed victims under the statutory definition and granted access.

There are, however, some concerns that are similar to those of recorded testimony.   It is unclear what the limitations or protections of these summaries would be.   Were the information to be shared by someone who was given access to the summaries, it could very possibly be further disseminated to someone who is not entitled to the information in that form.   If that were to happen, the testimony of witnesses could be impacted by their concerns that an official summary of their statements could be widely broadcast.   Later witness testimony could be impacted by knowledge of a prior witness's testimony, in clear violation of the rule on witnesses.   And a juror could be impacted by the government's interpretation of the testimony, which may differ from their own.   This is particularly concerning given that the summary would include one party's characterization of the evidence, and not that of the opposing party or the Court.

Certainly it is true that any member of the public may attend the trial and share their observations through any number of ways.   But a summary from the United States Attorney's Office is of a different nature than that of an ordinary citizen or even a news reporter.   Such a characterization of the trial testimony from

one of the parties is not that of a casual observer or member of the media, but rather from those who play a role in the proceedings themselves.   For this reason, it is more concerning should this description of the trial testimony be accessed or viewed by any member of the public.   Put differently, despite being the interpretation of the evidence by only one party, the summaries will, nonetheless, carry a heightened appearance of reliability.

Accordingly, the defense submits that any such notifications should not include summaries of any testimony or evidence from the trial or evidentiary hearings.   Should the Court permit this information to be included, however, the summaries should be directly addressed by the Court just as any other source outside the courtroom would be and jurors and witnesses should be specifically advised that they cannot review or consider any information that comes from the government's narratives.   Further, although the defense currently understands that the statements will only be accessible by those determined to be victims under the statute, the statements themselves should reiterate that they are only to be reviewed by those who are granted access to the VNS and are not to be shared with others.

Respectfully submitted,


By Counsel,
Geremy C. Kamens,
Federal Public Defender


By: _____/s/_____
Todd M. Richman
Va. Bar #41834
Whitney E.C. Minter
Va. Bar # 47193
Assistant Federal Public Defenders
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia    22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)