UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-392 (DLF) |
| | : | |
| ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI, | : | |
| Defendant. | : | |

**UNITED STATES' REQUEST FOR CLARIFICATION OF PROCEDURES AND REPLY TO DEFENDANT'S RESPONSE REGARDING THE UNITED STATES' IMPLEMENTATION PROPOSAL TO ENSURE ACCESS TO VERIFIED VICTIMS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia (hereinafter "the government"), respectfully submits this request for clarification on procedures and brief reply to *"Defendant's Response to the United States' Implementation Proposal to Ensure Remote Access to Court Proceedings for Verified Victims."* (Doc. 101.)[1]

### A. Clarification on Procedures for Access to Non-Evidentiary Proceedings

In the "*United States' Implementation Proposal to Ensure Remote Access to Court Proceedings for Verified Victims*" the government suggested that remote access to non-evidentiary proceedings be controlled through an online registration process similar to that employed by the U.S. District Court in the District of Massachusetts. (*See* Doc. 98 at 7.) In the alternative, the

---

[1] By Minute Order dated April 8, 2025, the Court ordered the defendant to file its response to the government's implementation proposal by April 22, 2025. The Court did not set a deadline for the government to file a reply. Notwithstanding Local Criminal Rule 47(d), which authorizes a party to file a reply within seven days, the government asks this Court to accept this late-filed reply to the extent it is useful to clarify the government's intent with respect to victim updates.

government offered to have its Victim Access Team create a similar portal and independently register verified victims and provide them with the access information for remote access to non-evidentiary hearings. (*Id.* at 8.). At the April 8, 2025, status hearing in this case, the Court indicated a desire to consult with its Information Technology ("IT") staff to determine whether it would be possible for the Court to employ a platform similar to the one administered in Boston. (4/8/25 Tr. at 32.)

As the Court knows, the victims in this case are eager to gain remote access to pretrial hearings. The Court and the parties acknowledged this much at the April 8 hearing:

> THE COURT: All right. Ideally, we would get in a position where we can at least have the audio feed up for our next hearing. Do you think that's realistic?
>
> MS. KEIL: Yes, Your Honor.
>
> MR. TERESINSKI: Yes, Your Honor. Obviously, when we started this, as Your Honor can see from our proposal, we went rather large, and I think what we proposed is probably a better approach. And we believe we can.

(*Id.* at 36.)

The government seeks guidance from the Court on the appropriate path forward, with a goal of achieving victim access to the audio of the June 5, 2025, status hearing. The government is willing and available to consult with the Court's IT staff on this matter. The government is also willing and available to distribute the access information for the next hearing to verified victims who have signed the sworn certification as described in the government's victim access proposal (*see* Doc. 98 at 5).[2]

---

[2] On May 7, 2025, the government filed, *ex parte* and under seal, an application to the Court to confirm the status of a potential victim under the victim access statute. That applications was consistent with the government's proposal (Doc. 98 at 5): "Where appropriate, for instance where an applicant claims a relationship to a decedent that is outside the specific statutory definition but is nonetheless significant, the Victim Access Team will submit an application to the Court in an

2

### B. Reply to Defense's Concerns Regarding Notification via VNS

Defense agrees that the government's proposal (at Doc. 98) "does not appear to pose any risk to the integrity of the judicial proceedings in this case." (Doc. 101 at 1.) Defense expresses, however, some concerns that such notifications might compromise the "rule on witnesses or the juror's recollection of the evidence." (*Id.*)

As discussed in our pleading, the government proposes that it will provide basic daily updates to certified victims through its Victim Notification System ("VNS") to reach as many victims as possible concerning trial updates. (Doc. 98 at 12). Even under the most extensive of efforts (*i.e.,* providing audio access to non-evidentiary proceedings and audio and video access to evidentiary proceedings via fixed locations in the United States and overseas),[3] that there will still be many victims that will not be able to "remotely access the proceedings, whether because of completing obligations, because of age or infirmity, or because they live in another time zone." (*Id*.). Thus, the government has suggested providing victims with basic daily updates via the VNS system. The proposed VNS updates would be purely factual/administrative in nature. Updates might include "Witness X testified about Y topic" (*e.g.*, "baggage handling," "explosive expert,"

---

under seal, *ex parte* filing, to seek the Court's authorization for that applicant to gain remote access to the proceedings." The defendant did not oppose this proposed procedure. (*See* Doc. 101 at 1 ("the majority of the government's proposal does not appear to pose any risk to the integrity of the judicial proceedings in this case.")). The government filed a "half sheet" on the docket and will continue to follow this procedure going forward where there is a question about whether a specific victim qualifies for remote access under the victim access statute.

[3]     Some victims overseas, or in less populated areas in the United States where there are only a few victims located (*e.g.,* one or two in Hawaii, Alaska, or Spain, Madagascar, or in Australia, etc.), having a fixed-site location to operate may not be feasible or a realistic option, and the **only** way to reach those victims may be via daily VNS notifications and/or weekly virtual conference calls.

or "Malta airport operations."). Other examples of factual/administrative updates could include "court will resume at 9:00am tomorrow" or "there will be no court tomorrow." The government also anticipates that these updates would include information about rulings by the Court (*e.g.*, "The Court granted the defendant's motion to exclude [specified] evidence."). And, finally, the government anticipates that the updates would include a preview of the following day, so that victims could make informed choices about whether to travel to a fixed site that may be quite a distance from their home to watch the proceedings.

The Defendant claims that "were th[is] information to be shared by someone who was given access to th[ese] summaries, it could very possibly be further disseminated to someone who is not entitled to the information in that form. If that were to happen, the testimony of witnesses could be impacted by their concerns that an official summary of their statements could be widely broadcast. Later witness testimony could be impacted by knowledge of a prior witness's testimony in clear violation of the rule on witnesses." "And a juror could be impacted by the government's interpretation of the testimony, which may differ from their own." (Doc. 101 at 2).

The victims in this case have a right to be updated on the status of the proceedings, and the government has an obligation to provide these updates. The government does not intend to provide long narrative summaries of the trial that would provide anything more than these types of updates, which will be available only to victims registered in VNS.

## Conclusion

The government has approached the Victim Access proposal with great care to ensure that we are doing everything possible to meet the Court's mandates, our obligations to seek justice while ensuring a fair process is in place that comports with those mandates, Congress' intent, fairness to the defendant, and to the victims in this case. The government's "reasonable and

4

specific implementation proposals" will enable the largest number of victims an opportunity to remotely access the proceedings in this case and will provide them with alternative methods of obtaining "meaningful updates to the Court proceedings" as they are unfolding in the District of Columbia. If any problems occur, that information will be brought immediately to the Court's attention by the undersigned counsel assigned to handle Victim Access matters in this case. Matters concerning Victim Access issues will be brought *in camera, ex parte* to the Court for resolution.

          Respectfully submitted,

          EDWARD R. MARTIN, JR.
          UNITED STATES ATTORNEY
          D.C. Bar No. 481866

          /s/ *Jerome J. Teresinski*
          JEROME J. TERESINSKI
          (PA Bar No. 66235)
          Special Assistant United States Attorney
          National Security Section
          United States Attorney's Office
          601 D Street NW
          Washington, D.C. 20530
          (216) 622-3658 | (216) 633-1961
          Jerome.Teresinski2@usdoj.gov