UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  No. 1:22-cr-392 (DLF) |
| | ) |
| ABU AGILA MOHAMMAD | ) |
| MAS'UD KHEIR AL-MARIMI, | ) |
| Defendant. | ) |

**MR. AL-MARIMI'S MOTION FOR ORDER TO KEEP GOVERNMENT
EXHIBIT A TO ECF NO. 163 UNDER SEAL**

Abu Agila Al-Marimi moves the Court to enter an Order keeping Government Exhibit A to ECF No. 163 under seal. Exhibit A contains an English translation of a Libyan law enforcement officer's handwritten documentation of Mr. Al-Marimi's alleged confession, which the government attached to its response to Mr. Al-Marimi's motion to suppress. The premature public disclosure of this document would irreparably prejudice Mr. Al-Marimi's constitutional rights to the presumption of innocence and a fair trial.

Exhibit A is not a "judicial document" subject to a presumption of public access because the contents of the alleged confession are not yet the subject of any judicial determination in this case. The pending suppression motion challenges the voluntariness of the confession itself, not its contents. Even if, however, the Court were to find that Exhibit A constitutes a "judicial document," the six factors established in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), overwhelmingly favor continued sealing. Given the extensive pretrial publicity surrounding this case over the past thirty-seven years and the government's heavy

1

reliance on Mr. Al-Marimi's alleged confession, public disclosure at this juncture would substantially undermine Mr. Al-Marimi's ability to receive a fair trial. The Court should order that Government Exhibit A remain under seal.

**I.     The English translation of a Libyan law enforcement officer's handwritten documentation of Mr. Al-Marimi's alleged confession is not a "judicial document".**

The first question the Court must determine is whether Exhibit A is a "judicial document" such that a rebuttable presumption of disclosure applies. *See Cable News Network, Inc. v. Federal Bureau of Investigation*, 984 F.3d 114, 118 (D.C. Cir. 2021). Whether a document filed with a court qualifies as a "judicial document" turns on whether the document is the subject of a judicial decision and if so, what role the document plays in that judicial decision. *See United States v. El-Sayegh*, 131 F.3d 158, 162-63 (D.C. Cir. 1997). Currently, the contents of the alleged confession are not the subject of a judicial determination in this case. *Id.* at 162 (recognizing that order on litigation over sealing of document does not render document the subject of a judicial decision so as to convert the document to a "judicial document").

Further, while eventually the Court will rule on Mr. Al-Marimi's pending suppression motion in ECF No. 159, the contents of the alleged confession are ***not*** the subject of Mr. Al-Marimi's suppression motion. Rather, as Mr. Al-Marimi's briefing makes clear, the issue is the voluntariness of the alleged confession itself. *See* ECF Nos. 159 at 13-18 and 175 at 1-2, 6-7, 14-17. Voluntariness turns on whether "'the defendant's will was overborne' when he gave the statement" or "whether the statement was a 'product of an essentially free and unconstrained choice by its

maker," *United States v. Murdock*, 667 F.3d 1302, 1305 (D.C. Cir. 2012), not on the contents of the alleged confession. And the government cannot use statements within the confession itself to vouch for the confession's reliability. *See, e.g.*, *United States v. Smith*, 348 U.S. 147, 155-56 (1954) (finding that where extrinsic evidence cast doubt on the accuracy of the alleged admissions, "the statement is one which should be carefully scrutinized in the light of the available ***independent*** evidence") (emphasis added).

Thus, the defense does not anticipate that the contents of the alleged confession will be the subject of a judicial decision at any point before its potential admission at trial should the Court deny Mr. Al-Marimi's suppression motion. *See, e.g.*, *S.E.C. v. American Intern. Group*, 712 F.3d 1, 5 (D.C. Cir. 2013) (discussing records that could become "judicial documents" in the future, "[b]ut that day has not yet arrived").

## II. Even if the Court now, or in the future, deems the translation of the alleged confession to be a "judicial document", the *Hubbard* factors weigh against public disclosure of the document.

But, even if the Court now, or in the future, deems the translation of the alleged confession to be a "judicial document", the *Hubbard* factors that the Court considers in determining whether to disclose nonpublic information strongly favor nondisclosure at this point. In *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980), the District of Columbia Circuit identified six factors the Court must evaluate to decide whether continued sealing is in the interest of justice:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has

3

objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*In re Leopold to Unseal Certain Electronic Applications and Orders*, 964 F.3d 1121, 1131 (D.C. Cir. 2020).

Here, the first factor—the public's need for access to the documents at issue[1]—weighs in favor of continued sealing. In pending criminal cases, a court, because of "fundamental demands of due process of law in the fair administration of criminal justice, has a responsibility to exercise an informed discretion as to release of the [evidence], with a sensitive appreciation of the circumstances that led to their production". *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978) (internal citation omitted). The public's First Amendment interests in access to information can be outweighed by even greater public interests. *See, e.g., Federal Trade Commission v. Match Group, Inc.*, 2023 WL 3181351, at *10 (D.D.C. May 1, 2023) (finding public's interest in access must "give way to an even greater one: the public's interest in protecting attorney client communications and work product"). Here, that greater public interest is in Mr. Al-Marimi's constitutional rights to the presumption of innocence and a fair trial. *See, e.g.*, *ACLU v. U.S. Dept. of Justice*, 750 F.3d 927, 933 ("defendants whose prosecutions ended in acquittal or dismissal have a much stronger privacy interest in controlling information concerning those prosecutions than defendants who were ultimately convicted. The presumption of

---

[1] This first factor centers on the public's need for the specific information sought to remain under seal, not the public's need for information about the broader litigation itself. *See, e.g., Cable News Network, Inc. v. Fed. Bur. of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021).

4

innocence stands as one of the most fundamental principles of our system of criminal justice: defendants are considered innocent unless and until the prosecution proves their guilt beyond a reasonable doubt").

The second factor—the extent of previous public access to the documents—also weighs in favor of continued sealing. The public has never had access to the translation of Mr. Al-Marimi's alleged confession in any form. The complete lack of prior access weighs in favor of continued nondisclosure. *See, e.g.*, *Hubbard*, 650 F.2d at 318-19 (discussing how public's prior access to the contents of the sealed document can weigh in favor of further disclosure because the information therein is no longer as private as it had previously been); *see also Lee ex rel. M.L. v. Seed Public Charter School of Washington, D.C.*, 2021 WL 4819897, at *4 (D.D.C. Oct. 15, 2021) (finding prior nondisclosure weighed in favor of continued nondisclosure).

The third factor—the identity of the person objecting to the disclosure of the information—weighs in favor of continued nondisclosure since Mr. Al-Marimi is a party to the litigation and the subject of the alleged confession. *See, e.g., Hubbard*, 650 F.2d at 319 ("the strength with which a party asserts its interests is a significant indication of the importance of those rights to that party"); *In re Press Application for Access to Judicial Records in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 171 (D.D.C. 2023).

The fourth factor—the strength of any property and privacy interests asserted—also weighs in favor of nondisclosure. Mr. Al-Marimi certainly has a strong interest in preventing his own alleged statements, which are at the heart of the

government's case against him, from being publicly disclosed at the current time to become fodder for publicity before trial. *See, e.g., Hubbard*, 650 F.2d at 320 (analyzing this factor in terms of more traditional notions of standing); *In re Press Application*, 704 F. Supp. 3d at 171 ("the media spotlight trained on the instant investigation heightens the reputational concerns here"); *In re WP Co.*, 201 F. Supp. 3d 109, 122 (D.D.C. 2016) ("the mere association with alleged criminal activity as the subject or target of a criminal investigation carries a stigma that implicates an individual's reputational interest.").

The fifth factor—the possibility of prejudice to those opposing disclosure—weighs strongly in favor of nondisclosure. *See Hubbard*, 650 F.2d at 320-21 ("the possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access"). "The likelihood of prejudice will in turn depend on a number of factors, including, most importantly, the nature of the materials disclosed." *Hubbard*, 650 F.2d at 321. Here, save for the alleged confession, the government's entire case against Mr. Al-Marimi seems to be entirely circumstantial. There has been an enormous amount of pretrial publicity in this case over the last thirty-seven years, and specifically as to Mr. Al-Marimi since 2015. *See, e.g.*, PBS Frontline, *My Brother's Bomber: Episode 3* from 26:00-26:44 (Oct. 13, 2015), https://www.pbs.org/wgbh/frontline/documentary/my-brothers-bomber/#video-3[2].   If

---

[2] *See also* David Cowan, *Prosecutors say Libyan freely confessed to Lockerbie bombing*, BBC (Oct. 8, 2025), https://www.bbc.com/news/articles/cpq5gjd2wd8o; Iona Young, *Lockerbie bombing accused claims he was forced into false confession*, MSN (Sept. 18, 2025), https://www.msn.com/en-gb/news/world/lockerbie-bombing-accused-claims-he-was-forced-into-false-confession/ar-AA1MN4jo; Alistair Smout and Sarah N. Lynch, *Lockerbie plane bombing suspect taken into U.S. custody*, Reuters (Dec. 12, 2022),

the public had access to one of the most critical—and most contested—pieces of evidence months before the trial began, the expected pretrial exposure to such evidence poses overwhelming prejudice to Mr. Al-Marimi's constitutional right to be presumed innocent and to a fair trial. Thus, the fifth factor weighs strongly in favor of continued sealing. *See, e.g., Rideau v. Louisiana*, 373 U.S. 723, 727 (1963) (finding due process violation where trial was held in community that had seen and heard the defendant's alleged confession pretrial).

And finally, the sixth factor—the purpose for which the document was introduced—also weighs in favor of nondisclosure. The government submitted a sealed copy of the translation of the alleged confession to its response to Mr. Al-Marimi's suppression motion seemingly to argue that the contents of the confession itself make the alleged confession reliable. *See* ECF No. 163 at 24-27. As set forth above and in ECF No. 175 at 1, 12-13, confessions cannot themselves demonstrate reliability. *See, e.g.*, *United States v. Rodriguez-Soriano*, 931 F.3d 281, 290 (4th Cir. 2019) ("government cannot rely on a second uncorroborated confession as independent evidence corroborating an initial one, particularly where the second does nothing to 'fortify the truth of the confession' by offering further corroboration that a crime was committed.") (citing *United States v. Stephens*, 482 F.3d 669 (4th Cir. 2007)). *Hubbard* observes that a court's consideration of a document merely to determine whether a defendant's constitutional rights were violated does not create "such a connection with the proceedings [] by itself to justify public access". 650 F.2d

---

https://www.reuters.com/world/man-accused-making-bomb-used-lockerbie-bombing-is-us-custody-bbc-2022-12-11/ (reporting on alleged confession).

at 321. Otherwise, "there would be very little left of fourth amendment and common law rights to privacy." *Id*. Thus, the sixth factor also weighs in favor of continued sealing.

## CONCLUSION

For the foregoing reasons, Mr. Al-Marimi moves the Court to enter an Order to keep Government Exhibit A to ECF No. 163 under seal. The translation of the alleged confession is not a "judicial document" subject to a presumption of public disclosure. Even if it were, all six *Hubbard* factors weigh decisively in favor of nondisclosure. Mr. Al-Marimi's constitutional rights to the presumption of innocence and a fair trial are paramount interests that would be substantially prejudiced by premature public access to this document. Accordingly, the Court should maintain the seal on Government Exhibit A.

Respectfully submitted,

**ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI**

By: _____/s/_____
Whitney E.C. Minter
Va. Bar # 47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia  22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
whitney_minter@fd.org (email)

Laura Koenig

8

Va. Bar #86840<br>
Assistant Federal Public Defender<br>
Attorney for Mr. Al-Marimi<br>
701 E. Broad Street, Suite 3600<br>
Richmond, Virginia  23219<br>
(804) 343-0800 (telephone)<br>
(804) 648-5033 (facsimile)<br>
Laura_Koenig@fd.org (email)