**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,

*Defendant*.

No. 22-cr-392 (DLF)

**MEMORANDUM OPINION AND ORDER**

Before the Court are sealed motions by the United States to depose three witnesses pursuant to Federal Rule of Criminal Procedure 15. Dkts. 129, 130, 131. The government seeks to depose [redacted] all of whom reside outside of the United States. While the government initially moved to conduct all three depositions abroad, it now believes that [redacted] may be able to travel to the United States for their depositions. For the following reasons, the Court will grant the motions, subject to the procedures outlined below.

## I. LEGAL STANDARDS

Under Rule 15, a party "may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). The Court "may grant the motion because of exceptional circumstances and in the interest of justice." *Id.* "To demonstrate that 'exceptional circumstances' necessitate a Rule 15 deposition, the party seeking the deposition must show: '(1) the materiality of the testimony; and (2) the unavailability of the witness to testify at trial.'" *United States v. Trabelsi*, No. 06-cr-89 (RDM), 2023 WL 4341429, at *2 (D.D.C. Apr. 5, 2023) (quoting *United States v. Cooper*, 947 F. Supp. 2d 108, 112 (D.D.C. 2013); *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994)).

## II. ANALYSIS

The parties agree that the Court should "permit depositions to be taken of all three witnesses to preserve their testimony" for trial, Dkt. 136 at 1, but the defendant objects to any deposition occurring outside his physical presence, *id.* at 1–2. Because the government has not yet determined whether any of the witnesses are unable to travel to the United States for trial, the Court will not decide that issue.

The Court will, however, grant the government's motion to depose the witnesses before trial. The government has satisfied its burden in showing that the testimony of these witnesses is material. And the Court has *provisionally* determined that the witnesses are substantially likely not to be available to testify at trial.[1] *See United States v. Mann*, 590 F.2d 361, 366 (1st Cir. 1978).

### A.



First, materiality. "In assessing whether testimony is material for Rule 15(a)(1) purposes, courts have used the standards developed for applying and interpreting *Brady v. Maryland*, 373 U.S. 83 (1963)." *United States v. Vo*, 53 F. Supp. 3d 77, 81 (D.D.C. 2014). "Evidence is material

[1] This Order authorizes only the taking of these three depositions. The Court defers any decision on the admissibility of the depositions until a date closer to trial. *See* Fed. R. Crim. P. 15(f). At this time, the Court does not make any final determination that the witnesses are unavailable for trial, a decision the Court will also defer until a date closer to trial. Nor does the Court address the parties' arguments concerning the defendant's rights under the Confrontation Clause. The Court will request supplemental briefing on these issues as necessary.

within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Id.* (citation modified).

[redacted]

Second, the government argues that [redacted] is substantially likely to be unavailable for trial. The government "need not prove conclusively that the prospective deponent will be unavailable to testify at trial." *Cooper*, 947 F. Supp. 2d at 113 (citing *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993)). For purposes of Rule 15, the Court may make a provisional determination that the witness is substantially likely not to testify at trial and defer a final determination of unavailability at trial. *See Mann*, 590 F.2d at 366 ("When the question is close a court may allow a deposition in order to preserve a witness' testimony, leaving until trial the question of whether the deposition will be admitted as evidence."). The Court focuses on the witness's "unavailability 'for trial' and not [on] whether they have actually consented to make themselves available for the deposition." *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008).

[redacted]

Finally, because [redacted] testimony will preserve critical evidence for trial and because the defendant will be present for the deposition, the Court concludes that [redacted] deposition is in the interest of justice.

The Court will authorize [redacted] deposition under Rule 15. [redacted] has expressed a present willingness to travel to the United States, and the government "will continue to make efforts to secure [redacted] appearance in the United States for a deposition." Dkt. 139 at 1. Accordingly, the deposition shall take place at the U.S. District Court for the District of Columbia, in the presence of the defendant.

**B.** [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

The Court will therefore authorize [redacted] deposition under Rule 15. Because he has expressed a present willingness to travel to the United States and because the government "will continue to make efforts to secure [redacted] appearance in the United States for a deposition," Dkt. 139 at 1, the deposition shall take place at the U.S. District Court for the District of Columbia in the presence of the defendant.

**C.** [redacted]

[redacted]

[redacted] testimony is material for the reasons stated by the government. [redacted]

The Court will also make the provisional finding that [redacted] is unavailable for trial for the reasons given by the government, with which the defendant agrees. Dkt. 136 at 15. [redacted]

[redacted]

The Court will therefore authorize [redacted] deposition under Rule 15. [redacted]

[redacted]

The parties disagree over the defendant's location during the deposition. The government contends that the defendant, who is in federal custody, "cannot travel to [redacted]" because it lacks the authority to maintain custody over the defendant in a foreign country. Dkt. 130 at 13–14. The government notes that the Department of Justice's Office of International Affairs (OIA) believes that [redacted] authorities are "unlikely to accept custody of the defendant," but that "OIA has asked the [redacted] authorities for their position directly, and the government will file a notice when it receives the [redacted] response." Dkt. 139 at 3–4. Invoking Rule 15(c)(3), the government proposes that the defendant participate in the deposition by videoconference from the United States. Dkt. 130 at 13–14. The defendant objects and argues that the government has offered insufficient grounds to establish that it cannot make him available for a deposition in [redacted]. Dkt. 136 at 6–8.

Although the Court will authorize [redacted] deposition in [redacted], at this juncture, it will not authorize the defendant's absence. The government shall continue to make efforts to facilitate the defendant's physical presence in [redacted]. If those efforts are unsuccessful, the Court will decide whether the [redacted] deposition can occur outside the United States with the defendant participating by videoconference from the United States.

**D. Sealing**

The government argues that the depositions and related docket activity should be sealed and closed to the public "unless and until [deposition testimony] is offered at trial or another public proceeding." Dkt. 129 at 17; Dkt. 130 at 14; Dkt. 131 at 28; *see* Fed. R. Crim. P. 15(e) (noting

that a Rule 15 deposition "must be taken and filed in the same manner as a deposition in a civil action"); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions . . . are not public components of a civil trial."). The defendant agrees. Dkt. 136 at 1. The Court will therefore order that the depositions be sealed until further order of the Court.

Accordingly, it is

**ORDERED** that the government's sealed motions to take depositions under Federal Rule of Criminal Procedure 15, Dkts. 129, 130, 131, are **GRANTED**, to the extent that the depositions take place in the physical presence of the defendant and according to the procedures outlined above. It is further

**ORDERED** that the parties shall meet and confer and propose a schedule for the depositions. The Court will schedule these depositions during the period October 20, 2025, to November 14, 2025. It is further

**ORDERED** that the parties shall file a joint status report on or before August 29, 2025, and every 14 days thereafter, updating the Court on the government's ability to comply with the directives in this Order. It is further

**ORDERED** that the depositions and related docket activity shall be sealed.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

August 19, 2025