**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT REPLY TO DEFENSE RESPONSE TO MOTION TO LIMIT THE TESTIMONY OF JERRY TAYLOR**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the defense's response to the government's motion to limit the proposed expert testimony of Jerry Taylor at trial.

## ARGUMENT

### I. The Notice Remains Insufficient as to the Investigation Done in this Case

The defense intends to elicit testimony from Mr. Taylor as it relates to explosives investigations generally. See ECF 518 at 2. The seven pages in his notice that outline what explosives are and what should be done when evaluating an explosion are general in nature and not tied to the facts of this case. For example, on page 8 of his notice, Mr. Taylor says an explosives investigator should, among other things:

> 1. Attempt to acquire information concerning the suspected target, size of the post blast area, current security, need for a bomb squad to make certain that there are no secondary IEDs in the immediate area, assemble required security tape, tools, and evidence containers plus documentation materials;
> 2. Identify the most outer perimeter and the area needing post blast processing (which can always be altered depending upon developing information);
> 3. Decide the type of search pattern to use: line, circular, quadrants, etc. that permits documenting evidence recovery locations; etc.

While background testimony can be relevant and helpful from an expert in some cases, it is not relevant and helpful here because it is not similar in this context. As Mr. Taylor is being noticed

as being responsive to Mr. Feraday, if he does not tie his testimony to how the investigation was done in this case, his testimony remains irrelevant. And if he is going to tie the background testimony in some way to what was done in this case, the government needs to know what he is going to say as it relates to how the investigation was conducted. For example, the government would have a right to know if Mr. Taylor was going to opine on the following topics:

- Whether the investigation done in this case was insufficient in any way
- If the procedures followed compromised the investigation in any way, and if yes, how
- If Mr. Taylor finds fault with the way the scene was processed or the evidence collected

It is opinions and conclusions such as these that the government is seeking to exclude, because they have not been noticed. And if Mr. Taylor is not going to comment or opine in that way, then his testimony on investigations generally is not relevant.

**II. Any Testimony about General Training is Not Relevant**

Finally, the government's position remains that the defense's notice of Mr. Taylor as "an expert witness in the field of explosives, both foreign and domestic, improvised explosive devices (IEDs), improvised incendiary devices (IIDs) and their components, assembly, functioning and effects," does not notice him as an expert in the field of forensic investigations of explosives crimes or as an explosives investigator. Mr. Taylor's notice states that "in the United States" a "qualified explosives investigator" should have access to and knowledge of certain references, but again, he is not being proffered as an explosives investigator. And even if the Court agrees that Mr. Taylor's testimony about his training and experience is helpful to the jury, there is no mention of how the general list of qualifications in the United States compares to Mr. Feraday's training and experience, or how Mr. Taylor's training and experience or the general list of courses available in

the United States impacts Mr. Feraday's ultimate conclusions. Because of this, any discussion of general qualifications for a U.S.-based investigator is not relevant.

Mr. Taylor offers no opinion (or any statement at all) that would assist the trier of fact in determining whether the training Mr. Feraday received is deficient in some way such that the jury should discredit his expertise. Put another way, Mr. Taylor purports to list classes and resources available to U.S. investigators, and despite the uncontested fact that Mr. Feraday was trained in the United Kingdom, it offers no information about what training is available to U.K investigators or whether those training materials are deficient. The defense reference to the fact that this case was brought in the United States, ECF 518 at 8, is a red herring: The question the jury must decide is not whether Mr. Feraday's analysis meets the nebulous and undefined United States standards; the question is instead whether Mr. Feraday's analysis is scientifically sound. Mr. Taylor's proposed testimony regarding generalized and vague training available in the United States, untethered to whether there is some deficiency in Mr. Feraday's training or analysis, will not "help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, and as such it must be excluded.

The defense argues that the jury should hear testimony about Mr. Taylor's training and experience, and the government does not object to Mr. Taylor explaining his training, but reiterates that the Court should preclude any opinion from Mr. Taylor about Mr. Feraday's experience or training, or any opinion on what was done in this case.

**CONCLUSION**

For the foregoing reasons, the Court should GRANT the government's motion to limit the testimony of Jerry Taylor.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ***/s/ Brittany Keil***
BRITTANY KEIL (D.C. Bar No. 500054)
CONOR MULROE (NY Bar No. 5289640)
ERIK M. KENERSON (OH Bar No. 82960)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7763
Brittany.Keil@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530