**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

### PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, by and through undersigned defense counsel, respectfully submit the below proposed additions and changes to the Court's standard jury instructions. Where the proposed instructions derive from the Redbook pattern instruction, the instruction number is noted. As directed by the Court, the parties will file these proposed instructions on the docket in this case, and the parties will submit a version in Microsoft Word to chambers via email.

### Requested Additions to Preliminary Instructions

### REFERENCES TO PRIOR TESTIMONY[1]

You may occasionally hear references to previous testimony by some of the witnesses in this case. I instruct you that there were prior court proceedings related to the bombing of Pan Am Flight 103, in which this defendant was not a party. The nature and outcome of those proceedings are not proper matters for you to consider in this trial. You should not speculate about those matters, and you must not draw any inferences from the fact that there were prior court proceedings.

---

[1] The government requests this instruction, and the defense does not object.

**REDACTED EXHIBITS[2]**

[During the course of this trial, a number of exhibits ~~were~~ will be admitted in evidence. Sometimes only portions of an exhibit ~~were~~ will be admitted, such as a document with some words or pictures blacked out or otherwise removed or portions of a longer video. ~~T~~Any redactions will be made if I have decide that ~~here are a variety of reasons why only a portion of an exhibit is admitted, including that~~ the other portions are ~~inadmissible or implicate an individual's privacy~~not proper for the jury to consider. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that ~~were~~ are admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.]

**ONLINE BETTING[3]**

Additionally, you may have heard of online betting markets, prediction markets, or similar platforms where people can place bets or wagers on the outcome of events, including the outcome of court cases and trials.

You must not visit, consult, or participate in any such betting or prediction market relating to this case, at any time before or during your deliberations. This includes checking odds or predictions on any such platform concerning the verdict, the outcome of this trial, or any other aspect of this case.

---

[2] The government requests that the Court read a version of the "redacted exhibits" instruction during preliminary instructions. The government requests the redlined changes from the Court's standard instruction highlighted in yellow (and it requests the same changes to the final instruction). The defense does not object to reading an instruction about redactions in preliminary instructions, but it objects to the highlights in yellow and prefers the language in the Court's standard instruction.

[3] The defense requests this instruction, and the government does not object.

Odds or predictions on these platforms are not evidence. They may be based on information that is incomplete, inaccurate, or that has never been presented to you in this courtroom. You must decide this case solely on the evidence presented here, not on odds or predictions found anywhere else.

If you become aware of any such betting market or prediction relating to this case, or that another juror is participating in such market do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

### EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY[4]

In certain instances, which I will flag for you, evidence may be admitted only for a particular purpose and not generally for all purposes.  In those instances, for the limited purpose for which the evidence is received, you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose.

### Miscellaneous Instructions

### PROPOSED CONTEMPORANEOUS DESPOSITION INSTRUCTION (TO BE READ IMMEDIATELY BEFORE DEPOSITION TESTIMONY)[5]

Members of the jury, you are about to see and hear testimony presented to you by video. This is a deposition of [witness name], taken outside of court, under oath, as permitted by the rules. You should consider this testimony just as you would consider the testimony of any witness who testifies here in the courtroom. The fact that it is being presented to you by video, rather than live, is not a reason to give it any greater or lesser weight than any other testimony in this case.

---

[4] The defense requests this instruction, and the government does not object.

[5] The defense requests this instruction, and the government does not object.

**Requested Alterations to Court's Standard Instructions**

**BURDEN OF PROOF[6]**

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government proves he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty of those offenses.  On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, ~~it is your duty to~~ you must find the defendant not guilty of that offense.

**"PREPARATION OF WITNESS" INSTRUCTION[7]**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.  However, a lawyer or investigator may not tell a witness what to say or instruct a witness to testify falsely.  The fact that a witness met with a lawyer or investigator before testifying does not, by itself, mean that the witness's testimony is untruthful, but you may consider such preparation, along with all the other evidence, in evaluating the witness's credibility.

---

[6] The defense requests the alteration in blue highlights, and the government opposes.  In support, the defense cites *United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992) (approving of instruction that provided that it was jury's duty to convict if proof beyond a reasonable doubt and must find guilty if no proof beyond a reasonable doubt).  The government's position is that *Pierre* did not hold that the defense's requested language is required and that the defense has not identified a reason to deviate from the standard Redbook language.

[7] The defense requests the alteration in blue highlights, and the government opposes.  The defense has cited no authority in support of this change, and in the government's view it is unnecessary and prejudicial to highlight that the jury may consider witness preparation.  In the government's view, the "credibility of witnesses" instruction is sufficient.

4

**"DEFENDANT'S RIGHT NOT TO TESTIFY" INSTRUCTION[8]**

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise that right in this case. You must not hold this decision against him. There are many reasons entirely consistent with innocence for which a person may decide not to testify. It would be improper for you to speculate as to the reason or reasons for his decision not to testify, and I therefore, instruct you not to do so. You may not discuss this matter during your deliberations. Most importantly, you must not draw any inference of guilt from the decision not to testify. ~~You must not assume the defendant is guilty because he chose not to testify.~~

---

[8] The defense requests the modifications reflected in redline in this instruction and cites the following in support: *Bruno v. United States*, 308 U.S. 287, 292 (1939) (requested instruction: "The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, *nor should this fact enter into the discussions or deliberations of the jury in any manner*.") (emphasis added). *See also Carter v. Kentucky,* 450 U.S. 288, 294 (1984) (reversible error not to give requested instruction: "The [defendant] is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way.").

The government objects to the addition highlighted in blue, but not to the unhighlighted second addition. The defense has cited no case in support of its inclusion of the addition highlighted in blue, and there is no need for the Court to either deviate from the standard Redbook instruction or to instruct the jury that there are possible reasons consistent with innocence for the defendant to choose not to testify. The latter gives judicial credence to a particular theory when there is no evidence one way or the other, and it is sufficient to instruct the jury that they are not to draw any negative inference from a decision not to testify, and the Court's standard instruction does precisely that.

**Requested Additions to Final Instructions**[9]

**INSTRUCTION 2.310 TRANSCRIPTS OF TAPE RECORDINGS**[10]

Recordings of ~~conversations identified by witnesses~~depositions have been received in evidence. Transcripts of these recorded ~~conversations~~ depositions are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

**INSTRUCTION 2.311 TRANSLATION OF FOREIGN LANGUAGE DOCUMENT OR RECORDING**[11]

I have admitted a document that is in [language used] along with an English translation.

Although some of you may know [language used], it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript. If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely

---

[9] The defense reserves the right to request Redbook Instruction 2.300, Missing Witness or Other Evidence, if the facts support it.  The government cannot take a position unless and until the defense makes that request.

[10] The government requests this instruction, and the defense does not object.

[11] The government requests this instruction, and the defense does not object.

only upon the official English translation ~~provided by the court interpreter~~ and not on your own translation.

**INSTRUCTION 2.507 WITNESS'S OR DEFENDANT'S USE OF INTERPRETER[12]**

You have heard testimony from [name of witness] [name of defendant], who communicated through an interpreter and [name of defendant] used the services of an interpreter in this trial.]

You are to consider only the evidence provided through the official court interpreters. Although some of you may know [language used], it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning. [During the testimony there was a question as to the accuracy of the English interpretation and steps were taken to resolve any discrepancies. I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter.]

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that [name of witness] [name of defendant] is using the services of an interpreter to influence you in any way.

You should not consider the mere fact that [name of witness] [name of defendant] has been provided an interpreter in evaluating his/her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his/her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

---

[12] The parties jointly request this instruction.

The fact that the court has provided an interpreter to [name of witness] [name of defendant] does not mean that the court has made a ruling on the extent of his/her ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.

### INSTRUCTION 2.321 OTHER CRIMES EVIDENCE[13]

**A. Government's Proposal**

You have heard evidence that the defendant participated in an attack on the La Belle Discotheque. It is up to you to decide whether to accept that evidence.

If you find that the defendant participated in an attack on the La Belle Discotheque, you may not use this evidence to conclude that he has a bad character, or that he has a criminal propensity. The defendant is not charged in this case with any offense relating to the attack on the La Belle Discotheque. The defendant is only on trial for the crimes charged, and the law does not allow you to convict the defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

You may, however, use La Belle Discotheque evidence for other purposes, specifically:

You may consider the La Belle bombing evidence as evidence of the defendant's role as a technician in the External Security Organization whose duties involved making bombs;

You may consider the La Belle bombing evidence as evidence of whether the defendant acted willfully at the time of the Pan Am Flight 103 bombing, including his understanding of what the bomb would be used for.

You may consider the La Belle bombing evidence as evidence of the defendant's motive to commit the charged crimes.

---

[13] The parties have submitted separate proposed instructions regarding the evidence of the La Belle Discotheque.

You may consider the La Belle bombing evidence as evidence that the defendant had the knowledge and skill necessary to create a functioning bomb.

If you find that the defendant was present in Germany at the time of the La Belle bombing, you may consider that fact as relevant to the probability of coincidence that the defendant was also in Malta on December 21, 1988.

If you find that the defendant was present in Germany at the time of the La Belle bombing, you may consider that fact as relevant to the reliability of the defendant's statement.

But once again, you may not use the La Belle evidence as evidence of the defendant's character or his propensity to commit crimes.

### B. Defense Proposal

You have heard evidence that Mr. al-Marimi participated in an offense against the La Belle Discotheque in West Germany. It is up to you to decide whether to accept that evidence.

If you find that Mr. al-Marimi participated in an offense against the La Belle Discotheque, you may use this evidence only for the limited purposes of deciding whether:

1.    Mr. al-Marimi had a motive to commit the offenses charged in the indictment.  If you conclude that Mr. Al-Marimi had such a motive, you may use this evidence in determining whether the government has proved beyond a reasonable doubt that he is the person who committed the offenses charged in the indictment.

2.    The circumstances of the La Belle Discotheque offense and the offenses charged in the indictment are so similar that it is likely that the person who participated in the La Belle Discotheque offense also committed the offenses charged in the indictment.  If you conclude that the La Belle Discotheque offense is so similar to the charged offense that it is likely the same person committed both of them, you may use this evidence in determining whether the government

has proved beyond a reasonable doubt that Mr. Al-Marimi is the person who committed the offenses charged in the indictment.[14]

3.       Whether the government has proved beyond a reasonable doubt that Mr. al-Marimi acted with the intent required to commit the offenses charged in the indictment, as defined in other instructions.

4.       Whether the government has proved beyond a reasonable doubt that Mr. al-Marimi had the knowledge required to construct an explosive device as alleged in the indictment.

You may not use this evidence for any other purpose. Mr. al-Marimi is only on trial for the crimes charged. Mr. al-Marimi is not charged in this case with any offense relating to La Belle Discotheque, and you may not use this evidence to conclude that he has a bad character, or that Mr. al-Marimi has a criminal personality.

The law does not allow you to convict Mr. al-Marimi simply because you believe he may have done other things not specifically charged as crimes in this case.

### INSTRUCTION 3.101 PROOF OF STATE OF MIND[15]

Someone's intent, knowledge, or state of mind ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent, knowledge, or state of mind from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his/her intent or knowledge.

---

[14] The government interprets this paragraph of the defense's proposed instruction as inviting the jury to determine whether the two attacks are so similar, that the same *modus operandi* was at play in both. The Court specifically rejected that basis of use for the Rule 404(b) evidence. *See* June 8, 2026, Hr'g Tr. at 38-39. The government's position is that the defense proposed instruction does not adequately address the "doctrine of chances" ruling the Court made. *See id.* at 35-37.

[15] The government requests this instruction, and the defense does not object.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### INSTRUCTION 2.209 DEFENDANT AS WITNESS[16]

A defendant has a right to become a witness in his/her own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his/her testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

### INSTRUCTION 2.305 STATEMENTS OF THE DEFENDANT—SUBSTANTIVE EVIDENCE[17]

You have heard evidence that the defendant made statements to law enforcement the police about the crime charged. You should consider all the circumstances, in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the policelaw

---

[16] The defense requests this instruction, if applicable. The government does not object, again if applicable.

[17] The parties jointly request this instruction.

enforcement. ~~You may consider whether the police warned him/her of his/her rights.~~ You may

consider where and when the statement was given; the duration of any questioning; who was

present during some or all of the questioning of the defendant. You may consider the age,

education, experience, intelligence and the physical and mental condition of the defendant.

**INSTRUCTION 2.306 DEFENDANT'S STATEMENTS—CORROBORATION[18]**

The government alleges that Mr. al-Marimi made a statement relating to the crime. You may

consider evidence of this statement along with other evidence of lack of evidence in the case in

---

[18] The defense requests this instruction, and the government objects. In support of this objection, the government cites *United States v. Dickerson*, 163 F.3d 639, 642 (D.C. Cir. 1999). In that case, the appellant contended that the jury must decide whether a defendant's statement is corroborated, as if corroboration were a separate element of the crime. The D.C. Circuit held, "[w]e disagree with appellant. . . . [T]he jury need not be separately instructed on the issue for it is akin to other admissibility issues, and therefore the trial judge alone decides whether the corroboration test has been met. The corroboration rule is undeniably, in part, a rule governing the admissibility of a defendant's out-of-court statements, and it is well settled that preliminary facts relating to the admissibility of evidence are questions for the court and not for the jury." *Id.* at 642 (cleaned up). The D.C. Circuit further held that even for sufficiency purposes, the Court in its Rule 29 role determines whether there is sufficient corroboration; the jury does not need to separately find such corroboration. *Id.*

The defense responds as follows: While the D.C. Circuit Court of Appeals has held that it is generally not necessary to provide a jury instruction specifically on the corroboration requirement, *United States v. Dickerson*, 163 F.3d 639, 642 (D.C. 1999), the defense submits that Mr. Al-Marimi's alleged statement should be accompanied by the above jury instruction. The *Dickerson* court was responding to a changing world of interrogations that does not reflect the circumstances of Mr. Al-Marimi's alleged statement. Underlying the D.C. Circuit Court of Appeals decision in *Dickerson* was an understanding of safeguards erected post-Miranda. See 163 F.3d at n.2 ("[P]ost-Miranda, the need for the rule, especially insofar as it protects against involuntary confessions, is even more questionable."). However, the present statement was taken in a foreign country without the Miranda safeguards and remedies. The statement, even if voluntary and uncoerced, may still be "suspect if it is extracted from one who is under the pressure of a police investigation -- whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past." *United States v. Smith*, 348 U.S. 147, 153 (1954). The concerns from which the Supreme Court determined that the corroboration requirement was necessary are present in the circumstances of Mr. Al-Marimi's alleged statement. See Smith, 348 U.S. at 156 (finding that corroboration is necessary for "all elements of the offense established by admissions alone"). Even in holding that a jury need not be specifically instructed on the corroboration requirement, the *Dickerson* court noted that, under Supreme Court precedent, "no defendant can be convicted on the basis of an uncorroborated out-of-court statement." 163 F.3d at 641.

deciding whether the government has proved each element of the offense beyond a reasonable doubt.  However, a defendant cannot be convicted based solely on his own statement.

### INSTRUCTION 3.103 "ON OR ABOUT"—PROOF OF[19]

The indictment charges that the offenses were committed "on or about" December 21, 1988. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### INSTRUCTION 3.102 WILLFULLY CAUSING AN ACT TO BE DONE[20]

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense, as I will define them to you momentarily, and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

The word willfully means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

---

[19] The government requests this instruction, and the defense does not object.

[20] The government requests this instruction, and the defense does not object.  The parties agree on the definition of "willfully" inserted at the end of this instruction.

## ELEMENTS OF THE OFFENSES[21]

### A.  Government's Proposed Elements

The defendant is charged in Counts One and Two with violations of Title 18, United States Code, Sections (a)(1) and (a)(2), which relate to destruction of aircraft or aircraft facilities.  I will provide you with the elements of each of those offenses, and afterwards I will provide you with definitions of some of the terms used in those elements.

### Count One: 18 U.S.C. § 32(a)(2)

To convict the defendant of a violation of Count 1, 18 U.S.C. § 32(a)(2), the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant placed, or caused to be placed, a destructive device or substance, upon or in proximity to an aircraft, or that the defendant made or caused an aircraft to be made unworkable or unusable;

*Second*, that the placing of the destructive device or substance, or making or causing the aircraft to be made unworkable or unusable made it likely to endanger the safety of the aircraft;

*Third*, that as a result of the actions described above, at least one person died;

*Fourth*, that the aircraft was in the special aircraft jurisdiction of the United States or was used, operated, or employed in foreign air commerce; and

*Fifth*, the defendant acted willfully.

### Count Two: 18 U.S.C. § 32(a)(1)

To convict the defendant of a violation of Count 2, 18 U.S.C. § 32(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

---

[21] The defense and government have submitted separate proposed elements.

*First*, that the defendant  damaged, destroyed, or wrecked an aircraft, or that the defendant caused another to damage, destroy, or wreck an aircraft

*Second*, that as a result of the actions described above, at least one person died;

*Third*, that the aircraft was in the special aircraft jurisdiction of the United States or was used, operated, or employed in interstate or foreign air commerce; and

*Fourth*, the defendant acted willfully.

**Definitions[22]**

The terms "damaged," "destroyed," "wrecked," and "destructive device" have their common meanings.

The term "destructive substance" means any explosive substance, flammable material, infernal machine, or other chemical, mechanical, or radioactive device or matter of a combustible, contaminative, corrosive, or explosive nature.[23]

The term "aircraft" means any contrivance used or designed for navigation of air or flight in the air.[24]

For purposes of the term "foreign air commerce," "air commerce" means the carriage by aircraft of persons or property for compensation or hire, or the carriage of mail by aircraft, or the

---

[22] The defense does not object to any of the definitions proposed by the government, with the exception of the instruction regarding a consensus among nations regarding the destruction of aircraft.  The government believes such an instruction is an accurate statement of the law in light of the Montreal Convention cited.  Should the Court disagree with the government on this instruction, the government asks that the Court take judicial notice of the existence of the Montreal Convention and read Redbook Instruction 2.104 regarding judicial notice.

[23] 18 U.S.C. § 31 (as in effect in 1988)

[24] 49 U.S.C. § 1301(5) (as in effect in 1988)

operation or navigation of aircraft in the conduct or furtherance of a business or vocation, in commerce.[25]

"Foreign air commerce" means air commerce between a place in the United States and any place outside thereof.[26]

"Special aircraft jurisdiction of the United States" includes a civil aircraft of the United States.[27]

"Civil aircraft of the United States" is defined as any aircraft registered with the Federal Aviation Administration.[28]

"Willfully" has the definition I have provided you previously in these instructions.

You are instructed that, as of 1988, there was a consensus among nations including Libya that it was a crime to damage or destroy civil aircraft.[29]

---

[25] 49 U.S.C. § 1301(23) (as in effect in 1988)

[26] 49 U.S.C. § 1301(23)(c) (as in effect in 1988)

[27] 49 U.S.C. § 1301(38)(a) (as in effect in 1988)

[28] 49 U.S.C. § 1301(18) & 49 U.S.C. § 1401 (as in effect in 1988)

[29] Montreal Convention for the Suppression of Unlawful Acts against the Safety of Civil Aviation, *available at* https://treaties.un.org/doc/db/terrorism/conv3-english.pdf

**B. Defense's Proposed Elements**[30]

**Count One:** To establish a violation of Title 18, United States Code, Section 32(a)(2), 34, and 2 as alleged in Count 1 the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

One:    The defendant caused a destructive device or substance to be placed upon, or in proximity to aircraft number N739PA;[31]

Two:    the defendant did so willfully and unlawfully[32];

Three:  aircraft number N739PA was a civil aircraft of the United States, used, operated and employed in overseas and foreign air commerce[33];

---

[30] The defense cites the following as authority for these proposed instructions: 18 USC § 32(a)(2), 34.  Indictment.  *See also United States v. Griffin*, 119 F.4th 1001 (D.C. 2024) (finding that a dual-role element, one that establishes jurisdiction in addition to defining the behavior Congress thought harmful, may require a showing of *mens rea*.  In holding that a conviction under 18 U.S.C. § 1752(c)(1) requires that defendant knew that he had entered or remained in a 'posted, cordoned off, or otherwise restricted' area where he was not authorized to be, found the government needed to show that the defendant did know that the area was restricted).  Additional authority and explanation in support of this instruction will be set forth in a separate pleading to be filed with the Court.

[31] The government objects to the wording of this instruction because the statutory language does not limit the government's proof to "caused," nor does it require that the device be placed upon a specific aircraft.  Moreover, because the *mens rea* is that the defendant acted willfully, including a specific aircraft in the elements will cause the jury to wonder whether the government must prove that the defendant intended that the bomb be placed on the aircraft with tail number N739PA specifically.

[32] The government objects to the addition of the term "unlawfully," which does not appear in the statute.  The statute requires the defendant to act "willfully" and adding an additional term to the *mens rea* will only serve to unnecessarily confuse the jury.

[33] The government objects to this proposed instruction because the statute reads, "any aircraft in the special aircraft jurisdiction of the United States *or* any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce" (emphasis added).  The proposed instruction only captures half of the possible bases for jurisdiction.

Four:    the defendant knew, or had reason to know, aircraft number N739PA was a civil

aircraft of the United States, used, operated, and employed in overseas and foreign

air commerce[34]

Five:    the placement of the destructive device or substance, upon or in proximity to the

aircraft, was likely to endanger the safety of the aircraft;

Six:    the offense alleged in Count One resulted in death.

**Count Two:**[35] To establish a violation of Title 18, United States Code, Section 32(a)(1), 34, and

2 as alleged in Count 2 the Indictment, the Government must prove each of the following elements

beyond a reasonable doubt:

---

[34] The government objects to the inclusion of this element.  There is no case standing for the proposition that the defendant must have known or had reason to know that Pan Am Flight 103 was a civil aircraft of the United States used, operated, and employed in foreign air commerce. Reading such a requirement into the statute would contravene *Bryan*'s holding that the government need not prove that the defendant knew what law he was violating.  It is moreover well settled that knowledge need not be proven for a jurisdictional element, *see*, *e.g.*, *United States v. Feola*, 420 U.S. 671, 684-85 (1975), and the "special aircraft jurisdiction" and "interstate, overseas, or foreign air commerce" clauses are purely jurisdictional.  The defense has cited no case for its proposition that this element is "dual role." The case cited by the defense, purportedly in support of its claim that the jurisdictional element here is "dual role" in fact rejected the claim knowledge of a jurisdictional element is required to sustain a conviction. *See United States v. Griffin*, 119 F. 4th at 1001, 1022 (D.C. Cir. 2024) (government need not prove knowledge that secret service protectee was on location to sustain a conviction under 18 U.S.C. § 1752(c)(1)).  *Griffin* cited multiple binding cases standing for the proposition that there is no knowledge requirement for elements added to establish federal jurisdiction for otherwise illegal conduct. *See Feola*, 420 U.S. at 684-85 (1975) (no requirement that defendant knew he was assaulting a federal officer under 18 USC 111); *United States v. Yermain*, 468 U.S. 63, 68-69 (1984) (18 USC 1001 does not require proof that defendant knew his false statements were being made to a federal agency); *United States v. Burwell*, 690 F.3d 500 (no knowledge requirement for substantive element that weapon defendant carried was capable of firing automatically*); United States v. Chin*, 981 F.2d 1275, 1280 (D.C. Cir. 1992) (no requirement to prove defendant knew that his underage victim was under 18). The bombing of civilian aircraft is illegal; the jurisdictional elements serve only to establish federal jurisdiction over the offense, and the *mens rea* requirements thus do not apply to them.

[35] The government incorporates the objections noted above into the elements proposed by the defense below.

One:    The defendant, did damage, destroy, and wreck, by means of an explosive device aircraft number N739PA;

Two:    the defendant did so willfully and unlawfully;

Three:    aircraft number N739PA was a civil aircraft of the United States, used, operated and employed in overseas and foreign air commerce;

Four:    the defendant knew, or had reason to know, aircraft number N739PA was a civil aircraft of the United States, used operated, and employed in overseas and foreign air commerce;

Five: the offense alleged in Count Two resulted in death.

Death Resulting[36]

As I stated previously, one of the elements the government must prove beyond a reasonable doubt is that defendant's offense resulted in the death of at least one person. A person's death results from an offense only if that offense caused, or brought about, that death.

---

[36] The government does not object to the inclusion of a definition of "death resulting," but requests that the Court strike the word "only," so that the last sentence would read, "A person's death results from an offense if that offense caused, or brought about, that death."

**INSTRUCTION 3.200 AIDING AND ABETTING[37]**

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed. Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by [name of defendant] at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime. It is not necessary that you find that [name of defendant] was actually present while the crime was committed.

---

[37] The parties agree that an aiding and abetting instruction would be appropriate to give. The language in the proposed instruction largely tracks the Redbook language. The defense suggests the changes in blue highlights. In support of those proposed changes, the defense cites the following cases: *United States v. Dehertogh*, 696 F.3d 162, 168 (1st Cir. 2012); *United States v. Santana*, 520 F.3d 871, 874 (8th Cir. 2008); *United States v. Corona-Verbera*, 509 F.3d 1105, 1119 (9th Cir. 2007); *United States v. Cruz*, 363 F.3d 187, 198 (2nd Cir. 2004); *United States v. Anderson*, 174 F.3d 515, 523 (5th Cir. 1999); *United States v. Sewell*, 159 F. 3d 275, 278 (7th Cir. 1998); *United States v. Oberle*, 136 F.3d 1414, 1422 (10th Cir. 1998); *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995); *United States v. Love*, 767 F.2d 1052, 1059 n.8 (4th Cir. 1985).

The government's position is that the defense has identified no reason to deviate from the standard Redbook instruction. None of the cases cited by the defense are in circuit, and none mandate the proposed language. The government notes that the defense's suggested language is covered elsewhere in the same instruction, and thus it is both unnecessary as cumulative and is likely to needlessly complicate the instruction for the jury.

A defendant's mere association with a person who committed a crime, or mere knowledge that a crime was being committed by another, is not by itself sufficient to establish that the defendant aided and abetted that crime. Guilt by association is not permitted. You must find that this defendant took some affirmative step, with the intent to help bring about the crime, before you may find him guilty as an aider and abettor.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

What matters is whether the defendant knowingly and intentionally participated in the crime with the intent to help bring it about.

I have already instructed you on the elements of each of the offenses with which the defendant is charged.

With respect to the charges in the indictment, regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted willfully.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

21

## INSTRUCTION 7.103 CO-CONSPIRATOR LIABILITY[38]

The defendant is charged with the crimes of setting fire to, damaging, destroying, disabling, or wrecking any aircraft, resulting in death; and with placing or causing to be placed a destructive device or substance in, upon, or in proximity to, an aircraft. I have defined those crimes for you earlier in these instructions. The defendant may be found guilty of these crimes committed by a

---

[38] The government requests this instruction. The defendant objects to giving an instruction on co-conspirator liability. Mr. Al-Marimi maintains his position that there is insufficient evidence that he was a member of any alleged conspiracy. *Pinkerton* liability requires the government to prove, beyond a reasonable doubt, that a conspiracy existed and that Mr. Al-Marimi was a knowing member of it, before he may be held responsible for a substantive offense committed by another. *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). Membership requires that Mr. Al-Marimi knowingly and intentionally joined the agreement with the intent to advance its unlawful object; mere presence, association with alleged co-conspirators, or knowledge of the agreement's existence, without more, is insufficient. This individualized showing depends on proof of a genuine "meeting of the minds" as to Mr. Al-Marimi specifically — a shared understanding, reached through some form of communication or conduct manifesting agreement, that Mr. Al-Marimi would participate in the object of the conspiracy. *See, e.g., United States v. Arbane*, 446 F.3d 1223, 1229 (11th Cir. 2006); *United States v. Pulido*, 69 F.3d 192, 209 (7th Cir. 1995); *United States v. Dumas*, 688 F.2d 84, 86 (10th Cir. 1982); *see also Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997) (a "meeting of the minds" is "an essential element of a conspiracy claim"). The defense submits that the evidence does not establish that Mr. Al-Marimi reached any such understanding with the alleged co-conspirators and, as such, the instruction should be excluded under the Court's discretion to avoid instructions that risk confusing the jury or inviting conviction on an insufficiently supported theory.

If the Court gives the instruction, the defense requests the additional language highlighted in blue. In support of that request, the defense cites the following authority: *United States v. Hubbard*, 91 F.3d 1218, 1224 (9th Cir. 1996); *United States v. Lechuga*, 888 F.2d 1472, 1477 (5th Cir. 1989); *United States v. Kelly*, 888 F. 2d 732, 740 (11th Cir. 1989); *United States v. Casamento*, 887 F. 2d 1141, 1167 (2nd Cir. 1989); *United States v. Whaley*, 830 F. 2d 1469, 1473 (7th Cir. 1987) *cert. denied* 486 US 1009 (1988); *United States v. Casperson*, 773 F.2d 216, 221(8th Cir. 1985); *United States v. Nipp*, 422 F.2d 509, 514 (10th Cir. 1969), cert. denied 399 US 913 (1970).

The government's position is that the defense has identified no reason to deviate from the standard Redbook instruction. None of the cases cited by the defense are in circuit, and none mandate the proposed language. The government notes that the defense's suggested language is covered elsewhere in the same instruction, and thus it is both unnecessary as cumulative and is likely to needlessly complicate the instruction for the jury.

co-conspirator of the defendant, even though the defendant did not participate directly in every act constituting the offense. That is because a conspiracy is a kind of partnership in crime and its members may be responsible for each others' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.  The co-conspirator theory of liability applies to each of the counts in the indictment. Before you may find the defendant guilty of an offense under this theory, you must find beyond a reasonable doubt that:

1. There was a conspiracy to [describe object of conspiracy];

2. The offense was committed by a co-conspirator of the defendant ;

3. The defendant was a member of the conspiracy to [describe object of conspiracy] at the time the offense was committed;

4. The offense was committed during the existence of the conspiracy;

5. The offense was committed in furtherance of the conspiracy; and

The offense was a reasonably foreseeable consequence of the conspiracy. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

In order to determine whether a conspiracy existed at the time of this crime and whether the defendant was a member, you must find beyond a reasonable doubt the following two elements, that:

1. [Between [and (dates)], an agreement existed between two or more people to commit the crime of [insert offense]. This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. On the other hand, merely because people

23

get together and talk about common interests or do similar things does not necessarily show that an agreement exists to commit the crime that allegedly was the subject of the charged conspiracy. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of [insert offense].

2. The defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime or that he even knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But mere presence at the scene of the agreement or of the crime or merely being with the other participants does not show that the defendant knowingly joined in that. Similarly, mere association with one or more members of a conspiracy does not automatically make the defendant a member of the conspiracy. A person may know, or be friendly with, a criminal, without being a criminal himself. The mere fact that the defendant may be associated with other participants, discussed common aims and interests, or engaged in similar conduct, does not by itself establish membership in a conspiracy. ~~Similarly~~Likeweise, unknowingly acting in a way that helps the participants, without more, does not make a person part of the conspiracy. In addition, merely knowing about the agreement itself, without more, does not make [name of defendant] a part of the conspiracy.

A conspiracy can be proved indirectly by facts and circumstances that lead to a conclusion that a conspiracy existed. The government's burden is to prove such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the defendant became a member of that conspiracy, you may consider only his acts and statements.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

/s/    Whitney Minter
WHITNEY E.C. MINTER
Va. Bar # 47193
BROOKE SEALY RUPERT
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

LAURA KOENIG
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)

/s/ Erik M. Kenerson
ERIK M. KENERSON (OH Bar No. 82960)
BRITTANY KEIL (D.C. Bar No. 500054)
CONOR MULROE (NY Bar No. 5289640)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530

25