**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO CLARIFY COURT'S ORDER**
**TO RESPOND TO DEFENSE'S MOTION TO RECONSIDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this request that the Court clarify its minute order of August 7, 2026, directing the government to respond to the defense's motion for reconsideration of the Court's June 8, 2026 ruling admitting certain documents [ECF 597-1]. For the following reasons, more focused instructions would assist the government in submitting a response that would best assist the Court in resolving the defense's motion for reconsideration.

"A motion for reconsideration… is not a vehicle to relitigate previously decided issues solely on the basis of disagreement with the Court's conclusions or reasoning." *Raiser v. United States*, 17-cr--0877 (DLF), 2018 WL 11670244, at *1 (D.D.C. Apr. 30, 2018) (citing *New York v. United States*, 880 F. Supp. 37, 38-39 (D.D.C. 1995)). Instead, motions to reconsider are appropriate when a litigant believes the Court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties,[1] has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts

---

[1] The government respectfully submits that this was the basis of its recent motion to reconsider the applicability of 18 U.S.C. § 3505 to records of public agencies. *See* ECF 574. As explained in that pleading, that question had not yet been raised by the parties at the time the Court first addressed it.

has occurred since the submission of the issue to the court." *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 141 (D.D.C. 2012) (quoting Ficken v. Golden, 696 F.Supp.2d 21, 35 (D.D.C. 2010)). *See also Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585 (D.C. Cir. 1980) ("If justice is to be served, there must be at some point an end to litigation. ... To warrant divergence from the law of the case, a court must not only be convinced that its earlier decision was erroneous; it must also be satisfied that adherence to the law of the case will work a grave injustice").

The defense's motion to reconsider does not appear to arise from any of those recognized bases. Instead, the defense explains, the pleading is intended to (1) "consolidate[] the extensive briefing on this issue into one document – both for the Court's consideration and for any necessary appeal"; and (2) "allow[] for review in light of further argument that developed over the recent months." ECF 597 at 2. The brief is 28 pages long and does not appear to distinguish between "consolidated" prior arguments and "recently developed" new arguments.

Indeed, the only mentions of recent developments are cursory mentions in the brief's introduction, ECF 597-1 at 3; and in a footnote in the Background section, *id.* at 11 n.5. The defense notes that the Court issued a ruling on the co-conspirator exception on August 6 but does not say anything about the substance of ruling, let alone why the ruling necessitates reconsideration of previously decided issues. The defense represents that they will "will promptly file an amended version of this motion after review of the transcripts, should the Court's ruling impact the arguments made here." *Id.* at 3 n.2. Otherwise, consistent with defense's description of it as a "consolidation," the brief appears to consist of arguments that were already made form during the extensive litigation that preceded the Court's June 8 ruling.

Neither judicial economy nor the ends of justice would be served by the government diverting its attention from trial preparation – including briefing other complex pretrial issues – for the purpose of drafting a comprehensive response to the defense's brief, which purports to "consolidate" arguments that consumed hundreds of pages of prior briefing and multiple oral

2

arguments. Any such response would only "consolidate" the government's prior arguments and the Court's well-reasoned ruling, which was plainly the product of careful consideration and analysis.

If the Court has identified specific new issues raised by the defense's motion for reconsideration that the government has overlooked, the government respectfully asks the Court to identify those issues so that the government can address them with appropriate thoroughness and rigor.

Alternatively, the Court should order the defense to promptly file an amended motion for reconsideration that is limited in scope to any new arguments the defense believes have arisen since June 8, 2026. Although the government disagrees that there has been any "controlling or significant change in the law or facts" since that time, *McLaughlin*, 864 F. Supp. 2d at 141, a more targeted pleading from the defense would at least allow for more focused consideration during this extremely busy stage of the case.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Conor Mulroe*
CONOR MULROE (NY Bar No. 5289640)
ERIK M. KENERSON (OH Bar No. 82960)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 740-4595 // Conor.Mulroe@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530