**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD** | : | |
| **MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION TO COMPEL DEFENSE EXHIBIT LIST

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to compel the defendants in this case to furnish a copy exhibit list, along with copies of the exhibits, by August 14, 2026, which will allow the parties to discuss any objections to them during the pretrial conferences during the week of August 17, 2026. Such an order will promote judicial economy by allowing objections to witnesses or evidence to be litigated prior to trial; and serve the ends of justice by ensuring that the judgment in this case will not be founded upon incomplete or otherwise misleading testimony.

## ARGUMENT

I.      Legal Background

"Rules that provide for pretrial discovery of an opponent's [including the defense's] witness list serve" the high purpose of ensuring that judgments are not founded on a partial or speculative presentation of the facts. *Taylor v. Illinois*, 484 U.S. 400, 411 (1988). "Discovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony. The State's interest in protecting itself against an eleventh-hour defense is merely one component of the broader public interest in a full and truthful disclosure of critical facts." *Id.* at 411-12 (internal quotations removed).   "The

adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida*, 399 U.S. 78, 82 (1970).

This case is due to start with jury selection in just over two weeks. The government has provided a preliminary exhibit list and has provided an updated version today. The defense objected to nearly every exhibit on that list, and the parties are still engaged in litigation over portions of it. The government recently asked whether the defense is willing to provide a preliminary exhibit list to the government, and the defense indicated on August 9, 2026 that it was not willing to provide that list absent a court order. The Court has expressed a preference to cover as many issues as it can pre-trial. *See* 7/9/2026 Hr'g Tr. at 14 ("Obviously, get in as much as you can [via motions *in limine*] as soon as you can. But I would rather know about these issues whenever they arise before trial so that we can try to do what we can to keep things moving in trial"). The Court has similarly expressed a preference that neither side sandbag the other. *See id.* at 14.

It is common for judges in this District, including this Court, to order pretrial disclosure of a defense exhibit list. *See*, *e.g.*, *United States v. White*, No. 24-cr-406 (RC), Doc. 22 at 2-3, Item 9 in Joint Pretrial Statement; *United States v. Maresca*, *et. al.*, No 23-cr-123 (RDM), Minute Order dated February 6, 2026; *United States v. Rogers*, No. 25-cr-33 (DLF), Dkt. 34 at ¶¶ 8-9 (requiring pretrial exchange of exhibit lists); *United States v. Smith*, No. 25-cr-342 (RC) (Item in in Joint Pretrial Statement); *United States v. Omomowo*, No. 24-cr-351 (ACR) at ¶ 9.f; *United States v. Riley*, 21-cr-628 (ABJ), Doc. 33 at 3 (Joint Pretrial Statement, subparagraph (i)); *United States v. Sutton*, *et. al.*, 21-cr-598 (PLF), Doc. 179 at 4 (directing parties to exchange witness and exhibit lists); *United States v. Vance*, 19-cr-251 (RDM), Minute Order dated October 4, 2021. Doing so in this case would promote judicial economy and serve the interests of justice in a just verdict.

II.     Exhibit List

Pretrial provision of a defense exhibit list and copies of the exhibits—preferably prior to the August 17 pretrial conference—will promote judicial economy by allowing the parties to raise and litigate any potential objections prior to trial, which will not only promote judicial economy, but save the jury's time at trial, by reducing the number of bench conferences and/or lengthy breaks to litigate any disputed exhibits.  The defense has not voluntarily provided any such list to date.

We are no longer at a stage of the case where trial is a hypothetical future event. Requiring the defendants to provide a list of exhibits they intend to rely on at trial, in order to allow the Court to rule pretrial on any objections to those exhibits, will significantly streamline what is already a complicated trial, promote fundamental fairness, and serve the ends of justice, without depriving the defendants any rights.  The government suggests that the Court set the date as August 14, which would allow the government to review and orally raise any objections at the pretrial conference.  If the defendants are unable to have a finalized exhibit list by that date, the Court could—like it did for the government—require a draft to be provided on that date, with a finalized list sometime thereafter, with the potential to dedicate a Friday or some other down time during the trial to any additional objections the government may have.

III.    Discovery

The Court did not set a general deadline for any defense discovery productions required by Fed. R. Crim. P. 16(b), with the exception of expert disclosures.  The government to date has received no discovery from the defendants pursuant to Rule 16(b), other than the documents the defense provided in connection with the hearing on its motion to suppress statements.  The government asks that the Court set August 14 as the date by which any such discovery must be made.

## CONCLUSION

For the foregoing reasons, and any additional reasons as may be set at a hearing on this motion, the government respectfully requests that this motion be granted.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Erik Kenerson*
ERIK M. KENERSON (OH Bar No. 82960)
BRITTANY KEIL (D.C. Bar No. 500054)
CONOR MULROE (NY Bar No. 5289640)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530