**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**MR. AL-MARIMI'S RESPONSE TO THE GOVERNMENT'S**
**SUPPLEMENTAL FILING IN SUPPORT OF ADMISSION OF FAA**
**REGISTRATION FILE**

Mr. Al-Marimi respectfully responds to the government's supplement regarding the admissibility of Exhibit 1801, a certified Federal Aviation Administration (FAA) registration file. *See* ECF 490 (government motion to admit), 509 (defense opposition), 599 (government supplement); *see also* 7/16/26 Tr. at 11–12 (relevant hearing discussion).

The parties agree regarding the file's authenticity and status as a public record. The remaining questions are its relevance and the admissibility of nested hearsay. The file is 301 pages in reverse chronological order, starting with the aircraft's deregistration due to destruction (pgs. 2–4), continuing back to its apparent re-registration by Pan Am in March 1978 (pg. 202), and continuing further back to events in 1971 (e.g., pg. 300).

On relevance, the government contends "the entirety of the file, or at the very least, every page between the certification and page 202 of the .pdf, is admissible" to establish that the aircraft was registered before the crash and never deregistered until after the crash. ECF 599, at 1. However, the government does not address any

1

pages after page 202 or explain their relevance. Those pages seemingly concern irrelevant events outside the period that concerns the government, so the Court should exclude them.

On nested hearsay, the government argues there is no nested hearsay contained within the only four pages that it offers for the truth of their contents (pgs. 2–4 & 202). It further argues that the intervening pages are not offered for the truth of their contents, including any nested out-of-court statements, but rather to show the absence of any deregistration records between 1978 and 1991.[1] Mr. Al-Marimi agrees and does not object to this page range under the rule against hearsay.

## CONCLUSION

The Court should exclude pages 203–301 of Exhibit 1801 as irrelevant.

Respectfully submitted,

**ABU AGILA MOHAMMAD**
**MAS'UD KHEIR AL-MARIMI**

By: _____/s/_____
Whitney E.C. Minter
Va. Bar #47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

---

[1] The government claims Mr. Al-Marimi has not identified any specific nested hearsay. ECF 599, at 5. However, the defense previously identified nine representative instances by page number. ECF 509, at 5.

2

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia  23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)