**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO COURT ORDER REGARDING MOTION TO RECONSIDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental response to the Court's Minute Order of August 12, 2026, regarding the government's motion to reconsider, ECF 574. For the reasons that follow, in addition to those as stated in ECF 625, the Court should provisionally admit all records at issue.

The government maintains that all the documents at issue are admissible under 18 U.S.C. § 3505 and that the government has established good cause for the lack of a final certification as defined in Fed. R. Evid. 902(3) for the reasons previously stated. But should the Court disagree with that position, the records are separately self-authenticating under Rule 902(4), Fed. R. Crim. P. 27, and Fed. R. Civ. P. 44. According to Fed. R. Crim. P. 27, "A party may prove an official record, an entry in such a record, or the lack of a record or entry in the same manner as in a civil action." In turn, Fed. R. Civ. P. 44(a)(2)(A)(ii) provides that, among other ways, a foreign official record is admissible if that record "is attested by an authorized person and is accompanied either by a final certification of genuineness *or by a certification under a treaty or convention to which the United States and the country where the record is located are parties*" (emphasis added). The records at issue in this pleading came from Switzerland, the Czech Republic, and the United

Kingdom. The United States has mutual legal assistance treaties ("MLATs") with all three of those countries, and as explained in further detail in ECF 625, all certifications at issue were received by the United States pursuant to those treaties. The documents are thus admissible under Fed. R. Crim. P. 27 and Fed. R. Civ. P. 44. They are also self-authenticating under Rule 902(4) (copy of an official record or document that was recorded or filed in a public office as authorized by law is self-authenticating if accompanied by, among other things, a certificate that complies with Rule 902(1), (2), or (3), a federal statute, *or a rule prescribed by the Supreme Court*" (emphasis added). The Federal Rules of both Criminal and Civil Procedure are prescribed by the Supreme Court, and thus the records are self-authenticating.

"The 1991 amendment [to Civil Rule 44] provided, in Rule 44(a)(2), that the final certification of genuineness by a diplomatic officer is unnecessary if the record and attestation are certified as provided in a treaty or convention to which the United States and the foreign country are parties." Fed. Prac. & Proc., Wright & Miller, § 2435; *see also United States v. Pintato-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006) ("The Government was not required to submit a "final certification" under that Rule because the birth record and its attestation were certified by an Apostille in accordance with the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, to which both Mexico and the United States are parties").[1] As described in ECF 625, all of the certifications described in that pleading were received pursuant to a MLAT between the United States and each the country in which the evidence at issue originated. That underlying evidence is thus self-authenticating under Rule 902(4)(B) even without a final certification or a showing of good cause for the lack of such certification.

[1] The government here is not proceeding under the Hague Convention, but under its bilateral MLAT with each of the United Kingdom, Switzerland, and the Czech Republic.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ***/s/ Erik Kenerson***

ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
CHARLES R. JONES (D.C. Bar Number 1035541)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530