**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

## MR. AL-MARIMI'S POSITION REGARDING RULE 613(b) AND FORGETFUL WITNESSES

Mr. Al-Marimi respectfully submits this brief addressing the admissibility of extrinsic evidence of a witness's prior statements when a witness claims not to remember something. The defense raises this issue now to provide briefing in advance of the issue arising during trial. Mr. Al-Marimi does not seek a ruling at this time. This is not a motion, and Mr. Al-Marimi does not request any advance ruling[1].

Due to the significant delay between the events in this case and Mr. Al-Marimi's trial, the defense anticipates witnesses will testify that they cannot remember events they previously made statements about.

When a witness testifies at trial that she cannot remember something, a party may refresh the witness's recollection by showing her a prior statement. Fed. R. Evid. 612. After, the witness still must testify from her independent recollection; her prior statement is not admitted and cannot be read into evidence under Rule 612. Separately, the rules of evidence permit courts to admit extrinsic evidence of a

[1] Further, Mr. Al-Marimi has reviewed section III of the government's brief relating to Jamal in ECF No. 641 at pages 10-12. Mr. Al-Marimi has notified the government and herein notifies the Court that the defense agrees with the government's proposals on the method of impeaching Jamal with his prior testimony.

witness's prior statement—including the prior statement itself—if the witness's present testimony is inconsistent with the prior statement. Fed. R. Evid. 613(b), 801; *see United States v. Vega*, 826 F.3d 514, 537 (D.C. Cir. 2016).

Regarding inconsistency, "direct contradiction is not essential[.]" *Id.* (quoting Wright & Miller). A statement is inconsistent it, "taken as a whole, either by what it says or by what it omits to say affords some indication that the fact was different from the testimony of the witness whom it sought to contradict." *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988); *see also James v. Illinois*, 493 U.S. 307, 325 n.1 (1990) (Kennedy, J., dissenting) ("[T]he relevant question has been described as whether two statements 'cannot at the same time be true . . . . Thus it is not a mere difference of statement that suffices; nor yet is an absolute oppositeness essential; it is an inconsistency that is required.") (quoting Wigmore); Wright & Miller, 28 *Fed. Prac. & Proc. Evid.* § 6203 (2d ed.), available on Westlaw ("Any variance between the statement and the testimony that has a reasonable bearing on credibility may qualify as an inconsistency."). "Prior statements that omit details covered at trial are inconsistent if it would have been 'natural' for the witness to include them in the earlier statement." *United States v. Stock*, 948 F.2d 1299, 1301 (D.C. Cir. 1991).

When a witness says something different at trial than she said previously, there is an obvious inconsistency. That is equally true when the witness previously denied remembering something but presently claims to remember it. Wright & Miller § 6203. In such cases, even when the witness admits the inconsistency, courts "should allow a party to introduce extrinsic evidence to emphasize the fact that the witness

made the prior statement." *United States v. Lopez*, 870 F.3d 573, 582 (7th Cir. 2017). There also is an inconsistency that bears on credibility when a witness denies making the prior statement or attempts to explain an apparent inconsistency. *See United States v. Meza*, 701 F.3d 411, 425 (5th Cir. 2012) (noting Rule 613(b) makes no exception for prior inconsistent statements that are explained instead of denied).

When a witness testifies that she cannot remember something even after having her recollection refreshed, Rule 613(b) gives courts discretion whether to find the witness's prior statements on that topic inconsistent with her present testimony. Fed. R. Evid. 613(b). To start, a "claimed inability to recall, when disbelieved by the trial judge, may be viewed as inconsistent with previous statements when the witness does not deny that the previous statements were in fact made." *United States v. Brown*, 788 F.3d 830, 834 (8th Cir. 2015). Because the sincerity of a memory lapse matters, the Court should permit robust exploration of the prior statement and surrounding circumstances on cross-examination. *See id.* (noting "defense counsel made no effort to refresh [the witness's] memory regarding her [prior] interview").

At the same time, the "law is clear that if a witness has denied making a statement *or has failed to remember it*, the making of the statement may be proved by" extrinsic evidence.[2] *United States v. Billue*, 994 F.2d 1562, 1565–66 (11th Cir. 1993); *see also Williamson v. United States*, 310 F.2d 192, 199 & n.22 (9th Cir. 1962) (collecting cases and holding "the answer of a witness that he does not remember having made a prior inconsistent statement is as adequate a foundation as a flat

[2] Defense research has not located D.C. Circuit authority on this issue.

denial”). *But see United States v. Age*, 136 F.4th 193, 245 (5th Cir. 2025) (“A witness’ failure to remember does not constitute a denial.”). In such situations, the contents of the prior statement still bear on the witness’s credibility: the prior statement’s specificity will inform the jury’s evaluation of whether the witness is feigning a memory lapse, and the jury’s ability to judge the witness’s demeanor as she denies recall will be strengthened if the witness is confronted with all the specific contents of her prior statement and the surrounding circumstances.

Accordingly, when a witness testifies at trial that he or she cannot remember prior statements, the Court should view that as an inconsistency and permit the admission of extrinsic evidence to impeach the witness.

## CONCLUSION

The Court should permit robust examination of forgetful witnesses and admit extrinsic evidence when a witness cannot remember a prior inconsistent statement.

Respectfully submitted,

**ABU AGILA MOHAMMAD MAS’UD KHEIR AL-MARIMI**

By: ________/s/______________________
Whitney E.C. Minter
Va. Bar #47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)