**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,<br><br>*Defendant*. | No. 22-cr-392 (DLF) |

**ORDER**

Before the Court is the government's Omnibus Motion *in limine*, Dkt. 525, and Supplement Regarding Evidence of Victims, Dkt. 639. The government seeks to introduce into evidence at trial (1) life witness testimony from no more than eight family members of victims; (2) in-life photographs of no more than eight victims, introduced through the testifying family members; (3) passports and related records for American victims; and (4) photographs of deceased victims taken at the crash site. *See* Gov't Omnibus Mot. 2–3; Gov't Suppl. 1. For the reasons that follow, the Court will grant in part and deny in part the government's motion.

First, the Court will permit the government to introduce at trial a limited number of crash site photographs of deceased victims, so long as such photographs are not overly inflammatory and the government can lay a proper foundation for their admission. Al-Marimi is charged with two counts of destruction of an aircraft resulting in death. *See* Indictment ¶¶ 1–14, Dkt. 7; 18 U.S.C. §§ 32(a)(1)–(2), 34. Photographs of deceased victims are thus relevant to the government's case because the government must prove that at least one death occurred. *See United States v. De Parias*, 805 F.2d 1447, 1453–54 (11th Cir. 1986) (district court did not abuse its discretion in admitting post-mortem photographs that "identif[ied] the victim as well as the means of

death"); *United States v. Rezaq*, 134 F.3d 1121, 1137–38 (D.C. Cir. 1998) (noting that post-mortem photographs have "immense probative value" where "they confirm the prosecution's theory about the manner in which the crime was committed"). Furthermore, the Court will review the photographs before the government introduces them at trial to ensure that they are not unduly prejudicial. *See* Fed. R. Evid. 403.

The Court will also permit the government to introduce passports and related records for a limited number of American victims—at least those tied to the crash scene photographs the government intends to introduce at trial—to prove identity and nationality. *See* Fed. R. Evid. 803(8). The government's theory of the case is that Al-Marimi acted with a motive to target Americans. *See* Gov't Omnibus Mot. 3. Victim passport documents are relevant to establish that motive, and the Court finds that any prejudice associated with such evidence does not substantially outweigh its probative value. *See* Fed. R. Evid. 403.

The Court will, however, deny the government's motion as to testimony from victims' family members. Caselaw suggests that family testimony about a victim's personal life is relevant at trial insofar as it bears on some material issue in the case. *See, e.g.*, *Dodd v. Trammell*, 753 F.3d 971, 991 (10th Cir. 2013) (upholding admission of family members' testimony "alluding to their close relationships with the victims" where it "establish[ed] the witnesses' familiarity with the victims' activities," but observing that prosecutor's reference in closing to victims' engagement could not "be defended" because it was not tied to a material fact). In this case, however, the government has not explained why the proposed testimony "establishing the [victim]'s age, where they lived, their occupation or place in school, and similar facts, along with a description of the family-member witness's relationship to the victim and the last time the family-member witness saw them," Gov't Suppl. 14, is relevant to the charged offenses. And although "reasonable

background information about a *witness*" may be admissible to enable "the jury to make better informed judgments about the credibility of a witness and the reliability of that witness' observations," *United States v. McVeigh*, 153 F.3d 1166, 1201 (10th Cir. 1998) (emphasis added), that same logic does not apply to background information regarding non-testifying *victims*. Finally, to the extent that any life witness testimony is relevant, the Court finds that its probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403.

The Court will similarly deny the government's motion to admit in-life photographs of the victims. While courts have found that "[a] photograph of a victim while living is admissible to prove the identity of the victim," *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006), such evidence is typically admitted in cases involving murder and other victim-focused offenses, *see, e.g.*, *United States v. Joe*, 8 F.3d 1488, 1490, 1499 (10th Cir. 1993) (in-life photographs of victims relevant to prove identity in murder case); *Pettigrew*, 468 F.3d at 630, 638 (similar); *United States v. Grandison*, 780 F.2d 425, 428–29 (4th Cir. 1985) (similar), *vacated on other grounds*, 479 U.S. 1076 (1987); *United States v. Khatallah*, 313 F. Supp. 3d 176, 181–82 & n.1 (D.D.C. 2018) (similar); *United States v. Taveras*, No. 04-cr-156, 2006 WL 473773, at *1, 11 (E.D.N.Y. Feb. 28, 2006) (same), *aff'd in part sub nom.*, *United States v. Pepin*, 514 F.3d 193 (2d Cir. 2008); *United States v. Fell*, No. 01-cr-12, 2018 WL 7247414, at *2 (D. Vt. Apr. 4, 2018) (same); *see also Wilson v. United States*, 162 U.S. 613, 621 (1896). Here, in contrast, Al-Marimi is charged with destruction of an *aircraft* "result[ing] in the death of any person." 18 U.S.C. § 34; *see id.* § 32(a)(1)–(2). Although the government bears the burden of proving death as an element of that offense, the government need not prove the identity of any particular victim. *See* Gov't Suppl. 8 ("[T]he government must prove that *at least one* of those people named in the indictment died as a result of the attack." (emphasis added)). The Court is thus skeptical that in-life

photographs are relevant to the charged offenses here in the way that they might be in a case in which the government must prove the death of a specific individual, or where the government seeks to juxtapose in-life photographs with post-mortem photographs to identify individual victims. *See, e.g.*, *United States v. Briseño*, 88 F. Supp. 3d 849, 849–51 (N.D. Ind. 2015).

The government suggests that in-life photographs are relevant to prove victim identity in *any* case in which the defendant is charged with a homicide offense. *See* Gov't Suppl. 7–9.[1] That argument, however, fails to account for those cases in which courts have found in-life photographs relevant for more narrow non-identity purposes. *See, e.g.*, *United States v. Williams*, 836 F.3d 1, 18 (D.C. Cir. 2016) (in-life photograph of victim and his wife at amusement part "relevant as an objective indication of [the victim's] height—an important fact in determining his size relative to [the defendant's]"); *United States v. Deuman*, 568 F. App'x 414, 421 (6th Cir. 2014) (in-life photographs of victim relevant because victim's appearance in photographs "tended to disprove" defendant's defense). Take, for example, *United States v. Broussard*, 87 F.4th 376 (8th Cir. 2023). In that case, eleven individuals died as the result of an online drug trafficking scheme in which the defendant substituted "fentanyl, a potent narcotic," for Adderall. *Id.* at 378. On appeal, the defendant challenged the government's introduction at trial of in-life photographs of victims and witness testimony regarding "various aspects" of their lives. *Id.*; *see id.* at 378–79. Applying plain error review to the unpreserved objection, the Eighth Circuit found that "[t]he challenged evidence was arguably relevant to show that the victims were unlikely to have knowingly sought fentanyl

[1] The Court notes that the government has cited additional cases involving offenses resulting in death in which in-life photographs were introduced. *See* Gov't Suppl. 6–7 (citing, *e.g.*, *United States v. Sharifullah*, No. 25-cr-143 (E.D. Va.) (charging defendant with conspiracy to provide material support to a foreign terrorist organization resulting in death)). But the government has not provided—and the public dockets for those cases do not offer—sufficient context for this Court to discern the bases of those rulings.

or to have obtained it from some other source" and that "the victims were in good health, making it less likely that they died from some cause other than a fentanyl overdose." *Id.* at 379. The Court is doubtful that the Eighth Circuit would have articulated such specific bases of relevance were identity alone sufficient. Furthermore, the Court finds it notable that the homicide-related charges in *Broussard*, like the charges in this case, did not involve victim-centered offenses. *See* Indictment as Given to the Jury at 1–13, *United States v. Broussard*, No. 19-cr-101 (D. Minn. Mar. 31, 2022), Dkt. No. 200 (charging defendant with, *e.g.*, "Distribution of Fentanyl Resulting in Death"). *Contrast, e.g.*, Superseding Indictment at 5–19, *United States v. Khatallah*, No. 14-cr-141 (D.D.C. Oct. 14, 2014), Dkt. 19 (charging defendant with, *e.g.*, "Murder of an Internationally Protected Person" *and* "Providing Material Support and Resources to Terrorists Resulting in Death").

Finally, even assuming that in-life photographs are relevant to proving identity in this case, the probative value of such photographs is minimal. The parties "have reached a stipulation whereby the government will enter a list of all 270 victims' names and their countries of citizenship," Gov't Suppl. 1, and the Court will permit the government to introduce a limited number of victim passports, including those for victims for whom the government intends to introduce crash scene photographs. As compared with in-life photographs, such alternative evidence has not only "greater probative value" regarding victim identities but a "lower danger of unfair prejudice." *Old Chief v. United States*, 519 U.S. 172, 183 (1997); *see id.* at 184 ("[W]hat counts as the Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives."). In light of that alternative evidence, the Court will exclude the introduction of additional victim photographs. *See* Fed. R. Evid. 403.

* * *

For the foregoing reasons, it is **ORDERED** that government's Omnibus Motion *in limine*, Dkt. 525, is **GRANTED** in part and **DENIED** in part. The government may introduce at trial a limited number of photographs of deceased victims taken at the crash site, as well as a limited number of passports and related records for American victims; but the government may not introduce life testimony through live witnesses or additional in-life victim photographs.

In so ruling, the Court emphasizes that this Order in no manner limits the evidence that the government may produce at sentencing should Al-Marimi be convicted at trial. If this case proceeds to sentencing, the victims will have the right to be heard in court and/or present victim impact statements about how the loss of their loved ones has affected them.

Finally, in light of this Order, it is **ORDERED** that the deadline for Al-Marimi to respond to the government's Supplement Regarding Evidence of Victims, Dkt. 639, set forth in the Court's August 19, 2026 Minute Order is **VACATED**.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

August 21, 2026