**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 22-cr-392 (DLF)** |
| **v.** | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI** | : | |
| **Defendant.** | : | |

**JOINT STATUS UPDATE REGARDING PROPOSED AMENDED PRETRIAL ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, by and through undersigned Defense Counsel, hereby provide the Court with additional information related to the parties' proposed amended scheduling order. The parties request that the Court review the information and modify the proposed amended pretrial order as appropriate. The proposed order is attached.

**Government Update**

*Trial Date*. The government requests a January 11, 2026, trial date. *See* Attached Proposed Pretrial Order, p. 1. The parties have noted that Ramadan is likely to begin February 7, 2027. Several of the government witnesses observe Ramadan. If witness testimony begins on or about January 19, that will allow three weeks for the government to present any witnesses where Ramadan might affect their availability. If jury selection is shifted until January 19, 2027, witness testimony may not even begin until January 25, 2027, which only allows 10 days before the start of Ramadan. A final pretrial conference could be set for the week of January 4, 2027. *See* Attached Proposed Pretrial Order, p. 17.

*Discovery*. On September 15, 2026, the Court relayed its request for a firm discovery deadline. The government appreciates the Court's desire to set a firm date for the trial. As such, the government shall conclude Rule 16 discovery related to events taking place from now until September 28, 2026 by October 7, 2026. All other Rule 16 discovery shall be concluded on or before November 13, 2026. If the government receives discoverable material after that date, the government shall promptly tender those materials to the defense.

The government notes, however, that should evidence or material become known to the government or come into the possession of the government after November 13, 2026, the government will have to comply with its ethical and legal obligations as it relates to the new material. For example, if the government were to determine new material is discoverable or otherwise falls under *Brady v. Maryland,*[1] and its progeny, the government would have an ethical obligation to disclose the material to the defense.

The government will endeavor to produce any witness statement it obtains prior to trial, consistent with disclosures it has made to date. Should a witness make themselves known to the government after November 13, 2026, and make a statement regarding a subject that is related to already produced discovery, then the government reserves the right to call that witness at trial. Pursuant to Rule 16(a)(2) of Criminal Procedure and 18 U.S.C. § 3500, witness statements are not discoverable until after the witness has testified on direct examination.

As such the government requests the following language be inserted into paragraph 4 of the pretrial order:

> The government shall conclude Rule 16 discovery related to events taking place from now until September 28, 2026 by October 7, 2026. All other Rule 16 discovery shall be concluded on or before November 13, 2026. If the government receives discoverable material after that date, the government shall promptly tender those materials to the defense.

---

[1] *Brady v. Maryland*, 373 US 83 (1963).

*CIPA*. At the present time, the government is unable to anticipate whether an additional filing, pursuant to the Classified Information Procedures Act ("CIPA"), will be required. The government will update the Court immediately if it learns that additional CIPA litigation is required.

**Defense Position**

Counsel for Mr. Al-Marimi submits that jury selection should commence on January 19 or 20, 2027. *See* Proposed Pretrial Order, p.1. This will more likely permit sufficient time to address outstanding pretrial issues prior to the start of trial. Should the Court order jury selection to start that week, the parties agree that any hearing regarding outstanding issues should then be conducted on January 11, 2027. *See* Proposed Pretrial Order, p.17.

Further, counsel for Mr. Al-Marimi further submits that the Court should include the following language in the Pretrial Order in paragraph 4, to ensure that discovery is provided according to a schedule that will accommodate a January 2027 trial date and will avoid further delay:

> Rule 16 discovery related to the newly-discovered evidence [See Aug. 24, 2026, Minute Order] which is obtained or prepared on or before September 28, 2026 shall be provided by the government no later than October 7, 2026. The government shall conclude efforts to collect discoverable material by October 9, 2026. Any such discoverable material obtained or prepared after September 28, 2026, shall be provided by the government on or before November 13, 2026. If the government receives discoverable material after that date related to the newly-discovered evidence [See Aug. 24, 2026, Minute Order] the government shall promptly tender those materials to the defense, but absent approval from the Court, the government may not use such evidence in its case-in-chief.

**Conclusion**

WHEREFORE, for the foregoing reasons, the parties request that the Court grant their joint motion to amend the pretrial schedule, and that the Court modify and sign the attached proposed order.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

***/s/ Whitney Minter***
WHITNEY E.C. MINTER
Va. Bar # 47193
BROOKE SEALY RUPERT
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

LAURA KOENIG
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)
Laura_Koenig@fd.org (email)

***/s/ Brittany Keil***
BRITTANY KEIL (D.C. Bar No. 500054)
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
CHARLES R. JONES (D.C. Bar No. 1035541)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7763
Brittany.Keil@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys
Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530