**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-392 (DLF)** |
| | ) | |
| **ABU AGILA MOHAMMAD** | ) | |
| **MAS'UD KHEIR AL-MARIMI,** | ) | |
| **Defendant.** | ) | |

**MR. AL-MARIMI'S REPLY REGARDING RULE 613(b)**
**AND FORGETFUL WITNESSES**

Mr. Al-Marimi replies to the government's response, ECF No. 666, to his Position Regarding Rule 613(b) and Forgetful Witnesses, ECF No. 647. Drawing on "parallels between Rules 613(b) and 801(d)(1)(A)," the government argues that "the majority view is that a prior statement . . . is inconsistent with the present failure to recall only if the Court finds that the failure to recall is feigned and not genuine." ECF No. 666 at 3, 5 n.2. The government is correct that the standard for "inconsistency" is the same under Rules 613(b) and 801(d)(1)(A). But neither the D.C. Circuit nor the majority of other courts have held that a witness's testimony is "inconsistent" with a prior statement only if the Court finds that the witness's forgetfulness is feigned.

In *United States v. Livingstone*, 661 F.2d 239 (D.C. Cir. 1981), a witness "failed to remember making parts of [a] statement" when questioned on cross-examination. *Id.* at 243 n.14. "Further, she was not even sure that events in the statement had taken place." *Id.* The D.C. Circuit held that the earlier statement was admissible "for the purpose of impeaching her credibility." *Id.* at 243. The court did not inquire into

whether the witness's claimed forgetfulness was genuine or feigned. *See id.* Thus, a witness's claimed failure to remember a prior statement is sufficiently "inconsistent" to allow impeachment by extrinsic evidence of the prior statement under Rule 613(b), and the Court need not first find that the witness's forgetfulness was feigned.

D.C. Circuit precedent addressing Rule 801(d)(1)(A) reinforces this principle.[1] In *United States v. Milton*, 8 F.3d 39 (D.C. Cir. 1993), a witness "testified that she could remember almost nothing about . . . what she told the grand jury." *Id.* at 46. The trial court "granted the government's motion to admit her grand jury testimony under Rule 801(d)(1)(A) of the Federal Rules of Evidence on the ground that it was inconsistent with her trial testimony." *Id.* The D.C. Circuit affirmed, holding that "if a witness has testified to certain facts before a grand jury and forgets them at trial, his grand jury testimony falls squarely within Rule 801(d)(1)(A)." *Id.* (brackets and ellipsis omitted) (quoting *United States v. Marchand*, 564 F.2d 983, 999 (2d Cir. 1977)). As in *Livingstone*, the D.C. Circuit did not inquire into whether the witness's forgetfulness was genuine or feigned. *See id.*

---

[1] Although Rule 801(d)(1)(A) governs substantive use of prior sworn statements and Rule 613(b) governs impeachment, both require that a witness's testimony be "inconsistent" with his or her prior statement. *Compare* Fed. R. Evid. 613(b) (addressing "a witness's prior *inconsistent* statement"), *with* Fed. R. Evid. 801(d)(1)(A) (addressing "a prior statement" that "is *inconsistent* with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition"). In assessing inconsistency, "[t]he approach under Rule 801 should be the same" as that under Rule 613. *United States v. Morgan*, 555 F.2d 238, 242 (9th Cir. 1977) (quoting 4 Bender, *Weinstein's Evidence*, at 801-76–76.1 (1976)).

This "view that claimed forgetfulness suffices has a wide following among state and federal courts." 1 Broun, et al., *McCormick on Evidence* § 37 (9th ed. 2025), available on Westlaw (citing, *inter alia*, *Milton*, 8 F.3d at 47). Contrary to the government's assertion, "most federal circuit courts have not distinguished between actual and feigned memory loss." *Wassilie v. State*, 57 P.3d 719, 722 (Alaska Ct. App. 2002) (citing, *inter alia*, *Milton*, 8 F.3d at 46–47 & n.9). "Claimed lack of memory at trial is usually enough to support a conclusion that a prior positive statement is inconsistent," and "showing that the trial position is feigned . . . is not necessary." *United States v. McGirt*, 71 F.4th 755, 760 (10th Cir. 2023) (quoting 4 Mueller & Kirkpatrick, *Federal Evidence* § 8:35, at 315 (4th ed. 2013)). Put simply, "partial or vague recollection is inconsistent with total or definite recollection." *United States v. Distler*, 671 F.2d 954, 958 (6th Cir. 1981). Thus, even "a witness's genuine lack of memory may be inconsistent with his prior testimony" or statement. *United States v. Gajo*, 290 F.3d 922, 932 (2d Cir. 2002).

To be sure, the Court enjoys "discretion in determining whether testimony is inconsistent with a prior statement" for purposes of Rule 613(b). *United States v. Vega*, 826 F.3d 514, 537 (D.C. Cir. 2016) (cleaned up); *see Grunewald v. United States*, 353 U.S. 391, 423 (1957) ("[T]he question whether a prior statement is sufficiently inconsistent to be allowed to go to the jury on the question of credibility is usually within the discretion of the trial judge."). That is the thrust of the government's out-of-circuit authorities: that the Court *may* evaluate whether a witness's claimed forgetfulness is genuine or feigned, not that it *must*. *See, e.g.*, *United States v. Brown*,

788 F.3d 830, 834 (8th Cir. 2015) ("Where a witness in good faith asserts that she cannot remember the relevant events, the trial court *may, in its discretion,* exclude the prior inconsistent statement."); *United States v. Shillingstad*, 632 F.3d 1031, 1037 (8th Cir. 2011) (same).

To the extent that the Court enjoys such discretion, however, Mr. Al-Marimi maintains that the Court should exercise its discretion to permit robust exploration on cross-examination of any prior statement that a witness claims he or she cannot remember. Such robust exploration of prior statements is crucial in this case because much depends on the credibility of witnesses like Jamal, and "the astute liar is sometimes impregnable unless his flank can be exposed to an attack of this sort." *United States v. DiCaro*, 772 F.2d 1314, 1322 (7th Cir. 1985) (quoting 3A J. Wigmore, *Evidence* § 1043 (Chadbourn rev. ed. 1970)).

Even in the case of a genuinely forgetful witness, the introduction of past statements makes it "possible to bring out on cross-examination the 'witness' . . . lack of attentiveness and even (what is often the prime objective of cross-examination) the very fact that he has a bad memory.'" *Milton*, 8 F.3d at 47 (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988)); *see* Daniel J. Blinka, *Prior Inconsistent Statements: The Simple Virtues of the Original Federal Rule*, 84 Fordham L. Rev. 1407, 1413 (2016) ("The embrace of genuine memory loss along with suspicious lapses is a welcome development . . . Genuine forgetfulness is as probative of credibility as selective recall. Although 'forgetfulness' is ready refuge for liars, it also bespeaks a loss of memory or carelessness with words, which is just as troubling.").

Accordingly, when a witness testifies at trial that he or she cannot remember a prior statement, the Court should permit the admission of extrinsic evidence of that statement and leave the question of whether the witness's claimed forgetfulness was genuine or feigned to the jury—where it belongs. *See, e.g.*, *United States v. Robinson*, 68 F.4th 1340, 1352 (D.C. Cir. 2023) ("[E]ach of the witnesses was testifying from his or her own memory about the events of which they were asked. Any honest mistakes in the witnesses' testimony could be, and in many instances were, highlighted to the jury through Robinson's impeachment of them on cross-examination . . . [D]etermining the credibility of these witnesses is precisely the role of the jury as factfinder.").

## **CONCLUSION**

The Court should permit robust examination of forgetful witnesses and admit extrinsic evidence when a witness cannot remember a prior inconsistent statement. The question of whether a witness's claimed forgetfulness is genuine or feigned is properly left to the jury.

Respectfully submitted,

**ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI**

By: ________/s/______________________
Whitney E.C. Minter
Va. Bar #47193
Brooke Sealy Rupert
Va. Bar #79729
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0855 (telephone)

(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

Laura Koenig
Va. Bar #86840
Assistant Federal Public Defender
Attorney for Mr. Al-Marimi
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800 (telephone)
(804) 648-5033 (facsimile)