**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 22-CR-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**SUPPLEMENTAL FIFTH CIPA § 4 ORDER**

**UNCLASSIFIED ORDER APPROVING SUMMARY OF CLASSIFIED INFORMATION, ALL PURSUANT TO CIPA § 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)**

This matter has come before the Court on the Government's Supplemental Fifth Classified *In Camera*, *Ex Parte* Motion for an Order Pursuant to § 4 of the Classified Information Procedures Act (CIPA), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed December 17, 2025 (Fifth CIPA Motion). Having reviewed the government's Fifth CIPA Motion and attachments and the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte, in camera* inspection and consideration of the government's motion and attachments, the Court concludes that:

1. On September 28, 2026, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, filed its Supplemental Fifth CIPA motion *ex parte*, *in camera* and under seal, pursuant to § 4 of CIPA 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1). The Fifth CIPA Motion addresses certain classified materials (collectively, "the Classified Information").

2. In the Fifth CIPA Motion, the government seeks authorization, pursuant to 18 U.S.C. App. 3 § 4 and Fed. R. Crim. P. 16(d)(1), to provide certain unclassified summary substitutions of a subset of the Classified Information (the "Classified Information for Substitution") that the government has determined is at least arguably relevant and helpful to the defense.

3. Through one or more declarations of a United States Government official that the government submitted with the Fifth CIPA Motion, the government has properly invoked its classified information and national security privilege with respect to the Classified Information.

4. The Fifth CIPA Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the classified Fifth CIPA Motion, declaration, and attachments, as well as the government's supplement thereto filed on September 28, 2026.

5. The disclosure of the Classified Information at this time reasonably could be expected to cause serious, and in some cases, exceptionally grave damage to the national security of the United States.

6. The "relevant and helpful" standard applied to CIPA § 4 by *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (and originally articulated in *United States v. Roviaro*, 353 U.S. 53 (1975)), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Yunis/Roviaro* standard, none of the Classified Information for Deletion is "relevant and helpful" to the defense. This order also applies to each of the government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

7. The Court finds that the government's proposed summary of the Classified Information for Substitution adequately protects the Defendant's interests and may be provided to the defense in lieu of the underlying classified documents. *See United States v. Rezaq*, 134 F.3d 1121, 1142-43 (D.C. Cir. 1998) (approving district court's CIPA substitution rulings where "[n]o information was omitted from the substitutions that might have been helpful to Rezaq's defense"); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (approving substitution of unclassified summary in place of classified information); *United States v. Rahman*, 870 F.Supp. 47, 53 (S.D.N.Y. 1994) ("[I]t is sufficient to disclose the substance of the information [in the CIA's possession] . . . . The document itself need not be disclosed.").

* * *

Accordingly, pursuant to § 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), IT IS HEREBY ORDERED that:

1. The requests in the government's Supplemental Fifth CIPA Motion are hereby GRANTED.

2. The unclassified summaries of the Classified Information for Substitution may be provided to the defense in lieu of the underlying classified documents.

3. The Supplemental Fifth CIPA Motion is hereby SEALED and shall be retained in accordance with established security procedures until further order of this Court.

SO ORDERED this 3rd day of October, 2026.

DABNEY L. FRIEDRICH
UNITED STATES DISTRICT JUDGE