**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

# DECLARATION

I, William P. Fritzlen, do hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

I have served as an Attorney-Adviser at the U.S. Department of State since March 2004. Since March 2024 I have served as Senior Counsel in the Office of the Assistant Legal Adviser for Consular Affairs. As part of my duties, I am in part responsible for the United States' interpretation of several multilateral private international law conventions promulgated by the Hague Conference on Private International Law, including the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents (hereinafter "Apostille Convention"). In 2009 I was seconded part time to the Hague Conference on Private International Law to be a co-author of the first edition of its publication, the Handbook on the Practical Operation of the Apostille Convention. I led the United States' delegation to the meetings of the Special Commission on the Practical Operation of the Apostille Convention in 2009, 2012, 2016 and 2021.

Absent a treaty mechanism or other agreement, a process known as "legalization" is the traditional method of authenticating public documents for use in foreign jurisdictions. This process involves a series of overlapping certifications to where the final seal is recognizable in the jurisdiction where the document is to be presented. For documents destined to be presented in the United States, the final certification is issued by the United States Embassy in the country where the document was produced.

In order to self-authenticate a foreign public document, Federal Rule of Evidence (FRE) 902(3) provides that a "final certification" may include that certificate produced as part of the legalization process by a U.S. Embassy as a "chain of certifications." The rule does not indicate that the Embassy's certification is the only form of the permissible certificate, however. While FRE 902(3) does not mention treaties that cover this matter, the corresponding Federal Rule of Civil Procedure 44 provides for the admissibility without additional extrinsic evidence of any foreign document that is "attested by an authorized person and is accompanied either by a final certification of genuineness *or* by a certification under a treaty or convention to which the United States and the

country where the record is located are parties" (emphasis added), and Federal Rule of Criminal Procedure 27 states that an official record may be proved in the same manner as a civil action.

Treaties entered into by the United States and ratified by the Senate are part of the Supreme Law of the Land pursuant to Art. VI of the Constitution. The Senate passed a resolution of ratification concerning the Apostille Convention on November 26, 1979, and the United States deposited its instrument of accession on December 24, 1980. The Convention entered into force for the United States on October 15, 1981. The Convention thus now carries the force of law in the United States.

The Apostille Convention operates to replace the legalization process with a one-step authentication method that removes requirements such as the "final certification" by U.S. Embassies as described in Rule 902(3), which predates the United States's entry into that Convention. The Convention instead establishes the issuance of a single certificate known as an "Apostille" issued by designated competent authorities in the country of the document's origin. An Apostille authenticates public documents for use in any state that is a party to the Convention.

An Apostille is a single certificate that contains 10 required elements of information to authenticate the underlying public document. Under Art. 3 of the Apostille Convention, it is "the only formality" that may be required verify the authenticity of foreign public documents. The United Kingdom, Czech Republic, and Switzerland have all joined the Apostille Convention. Accordingly, under the terms of the that Convention, the United States is a "contracting state" with the United Kingdom, the Czech Republic, and Switzerland.[1]

Article 2 of the Apostille Convention establishes that "each Contracting State shall exempt from legalization documents to which the present Convention applies."[2] Article 2 continues to define the legalization of documents as "the formality by which the diplomatic or consular agents of the country in which the document has to be produced certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which it bears." The Apostille Convention thus serves to abolish the type of

---

[1] Article 1 of the Apostille Convention states that the Convention shall not apply "to documents executed by diplomatic or consular agents." This exclusion generally relates to consular documents issued by the Embassy or Consulate in the state where the document is intended to be used. For example, a document issued by the U.S. Embassy in Switzerland should not have to be sent to the United States to receive an Apostille from the U.S. competent authority in order to be recognized by the Swiss Ministry of Foreign Affairs. This would not apply to a consular document issued in one country for use in another. For example, a document issued by the Swiss Embassy in a third country, such as Germany, would still be eligible for an Apostille if that document was sought to be used as evidence in a different country, such as the United States.

[2] This declaration uses the American-English spelling of "legalization." The official English-Language copy of the Convention uses the British "legalisation."

"final certification" described in Rule 902(3) in all Contracting States, which includes the United States, the United Kingdom, the Czech Republic, and Switzerland.

As provided in the State Department's guidance to consular officers on overseas authentications in the Foreign Affairs Manual, "[c]onsular authentications should never be placed over Apostilles." 7 FAM 876(b).

The Apostille Convention makes Contracting States free to abolish or simplify the Apostille process. *See id.*, Art. 3 ("the formality mentioned in the preceding paragraph [an Apostille] cannot be required when either the laws, regulations, or practice in force in the State where the document is produced or an agreement between two or more Contracting States have abolished or simplified it, or exempt the document itself from legalization"). I am aware that the United States has entered into Mutual Legal Assistance Treaties with multiple countries, including the United Kingdom, the Czech Republic, and Switzerland. I am not an expert on those particular treaties, but if those agreements have abolished or simplified the process by which official documents may be produced, the procedures provided for in those agreements may be followed for documents obtained pursuant to requests made under those agreements instead of the Apostille Convention.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10/08/2026

William P. Fritzlen

William P. Fritzlen
Senior Counsel
Office of the Assistant Legal Adviser
For Consular Affairs
United States Department of State