**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF FILING REGARDING MLATS AND APOSTILLE CONVENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this update regarding which documents are subject to the Apostille Convention, in response to the Court's question at the October 15, 2026, hearing. At that hearing, the Court asked whether the State Department has any long-standing interpretation of the Apostille Convention supporting the interpretation of the applicability of the Convention to consular-signed documents that supports the interpretation stated in n.1 of the Fritzlen Declaration. *See* 10/15/26 Tr. at 58-59. Undersigned counsel replied that he was not sure, but would look into it. As noted in ECF 685 at 2, the Mr. Fritzlen was on leave at the time that the government's most recent filing was due, so the government requested leave to late file any materials it received in response to the Court's query.

The government now submits the below response to the Court's query and requests leave to late-file it. The State Department does not have guidance on the issue the Court inquired about, but that question is addressed in the Apostille Handbook published by the Hague Conference. The Handbook, which is based on Conclusions and Recommendations of the Special Commission, which the United States actively participates in, provides:

123. The Convention lists two categories of documents to which the Convention does not apply (see Art. 1(3)):

"(a) to documents executed by diplomatic or consular agents;

(b) to administrative documents dealing directly with commercial or customs operations."

*PART THREE* – SCOPE OF THE CONVENTION

124. The Special Commission has determined that these exclusions should be construed extremely narrowly and has called for flexibility in their application. Each category was excluded from the scope of application of the Convention for practical purposes to avoid unnecessary formalities and must be read in this spirit. Recipients are therefore encouraged to accept Apostilles issued for documents that would otherwise be excluded under this Article.

125. The test for determining whether to apostillise a particular category of public document should be whether the category required legalisation before the Convention entered into force for the State where the document has been executed. Conversely, if a particular category of documents did not require legalisation before entry into force of the Convention, it should not require an Apostille.

(a) Article 1(3)(a) Documents executed by diplomatic or consular agents

i. General rule

126. Documents executed by diplomatic or consular agents are generally considered documents of the sending State (*i.e.*, home State of the diplomatic or consular agent) and foreign documents in the host State (where they are executed). The drafters of the Convention considered that it would be inappropriate to require an Apostille for these documents, as this would involve sending the document back to a Competent Authority in the sending State. Applying the rules of the Convention to these documents was therefore considered unnecessarily cumbersome.

127. For this reason, the Convention does not abolish legalisation for documents executed by diplomatic or consular agents. If such a document needs to be produced in the State to which the diplomatic or consular agent is accredited, it will usually be sufficient for the document to be presented to the Ministry of Foreign Affairs in that State for authentication.

128. If the document is to be produced in another State, some Contracting Parties have adopted the practice where it is first presented to the Ministry of Foreign

> Affairs for authentication, and that authentication is then apostillised by a Competent Authority in the host State.
>
> 129. The provision of notarial services is a traditional consular function recognised by Article 5(f) of the *Vienna Convention of 24 April 1963 on Consular Relations* (provided that there is nothing contrary thereto in the laws and regulations of the host State). A notarial certificate is accepted in the home State of the consular agent who executed it without any further formality. The Apostille Convention does not affect this function.

The full Handbook is available at https://www.hcch.net/en/publications-and-studies/details4/?pid=5888 (last visited October 27, 2026) (internal citations omitted). Thus, for the reasons above, as well as those stated in the Fritzlen declaration and as argued on October 15, 2026, the Court should find that the documents at issue are not exempt from the Apostille Convention.

In addition, the government notes that while the underlying Czech documents are visa-related, when the Czech witnesses sign the modified Form C to the U.S.-Czech Republic MLAT, it is that executed modified Form C to which the government has requested that an Apostille be affixed. The witnesses who will sign Form C are not diplomatic or consular agents, and Form C does not relate to commercial or customs operations, and thus even if the exemption of consular documents applied here (which it does not), that exemption would not extend to the forms that the government is requesting to have an Apostille affixed to.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ***/s/ Erik M. Kenerson***
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530