**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-392 (DLF)** |
| | : | |
| **ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL COURTROOM CLOSURE DURING SUPPRESSION HEARING AND TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its motion for partial closure during suppression hearing and trial. For the reasons that follow, as well as those in the government's opening brief, the Court should grant the government's request.

The closure proposed by the government is in fact the narrowest procedure available to vindicate the government's compelling witness security concerns regarding [redacted]. The government does not in theory object to testimony about non-identifying details provided by [redacted] taking place in open court. Indeed, as the government acknowledged in its opening brief, "the government fully expects that other portions of the Suppression Hearing, including testimony about what Jamal has told the government in meetings since August, and other testimony that does not implicate [redacted] identity, will take place in an open courtroom." ECF 743-1 at 10. As explained in further detail below, however, testimony that relates to [redacted] identity is expansive and goes well beyond details like his true name and biographical details.

Public disclosure of the details of that testimony would implicate the government's witness security concerns that the defense has conceded are compelling. [redacted]

[redacted]. And it would be nearly impossible to separate the two for effective cross-examination.

Additionally, the defense has requested that the [redacted] That would include portions of the testimony of the defendant's proffered experts, which the defense response states should take place publicly. [redacted]

As with the Jamal deposition, the government agrees that it is appropriate to make a redacted transcript of sealed portions of the hearing available to the public as soon as practicable after the hearing. Once the transcript has been created, it will be much easier to separate out what is and is not identifying, even within a single answer or line of questioning, and the parties will not be constrained on cross-examination by an attempt to separate that information ahead of time.

## ARGUMENT

### A. Identifying Information for [redacted] is Woven Throughout the Testimony

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
    - [redacted]
- [redacted]
- [redacted]
- [redacted]

- [redacted]

[redacted]

In the context of using pseudonymous testimony, it is well settled in this Circuit that the appropriateness of allowing a witness to testify in pseudonym does not depend on whether the threat to the witness emanates from the defendant or another source. *See*, *e.g.*, *United States v. Celis*, 608 F.3d 818, 832 (D.C. Cir. 2010). Although it does not appear that the D.C. Circuit has directly addressed the question, other Circuits have agreed that in the context of courtroom closure, the threat to the witness does not need to emanate from the defendant on trial. *See*, *e.g.*, *United States v. Hendricks*, 950 F.3d 348, 356 (6th Cir. 2020) (allowing courtroom closure for testimony of undercover officer, based in part on the officer's ongoing investigations); *United States v. Ellis*, 182 F. 4th 403, 409-411 (4th Cir. 2026) (upholding closure for remainder of witness testimony after threats to witness from members of the public in the gallery); *Rodriguez v. Miller*, 537 F.3d 102, 110 (2d Cir. 2008) (in habeas context, upholding state court's decision to close courtroom for undercover officer's testimony where undercover officer planned to return to neighborhood for future investigations).

It is clear, and the defendant does not dispute, that if [redacted] identity becomes known, he and his family face danger.[1] [redacted]

**B. The government's proposal is narrowly tailored.**

The defense response argues that the government's approach is not narrowly tailored because it goes beyond [redacted] identity and biographical information. As demonstrated above, the government agrees that limiting the closure to information that is identifying is appropriate, [redacted]

Given how intertwined the identifying information is with the facts of the case, it will be exceedingly difficult to separate the two for direct or for cross examination. [redacted]

1 [redacted]

[redacted] Defense counsel would thus be required to refrain from inquiring about those matters in open court, which would quickly become cumbersome. That same dynamic would play out across all the topic areas that government has identified above and others.

That practical reality is why the government considered, and rejected, proposing bifurcated proceedings regarding the information [redacted] told the FBI, opting instead to propose making a partial transcript available. With a transcript, the parties would have the opportunity to propose redactions within lines of questioning that would sanitize the identifying information while leaving the substance available to the public, and still allowing defense counsel to pursue all available avenues on cross-examination.

### C. The Defense Proposal Separately Requires Sealing of a Portion of the Defense Case

[redacted] While the government does not object to doing so at this juncture, this request necessitates that more of the hearing be conducted under seal, including portions of the testimony of the defense experts. [redacted]

[redacted]

[redacted] Such bifurcation would be easier to accomplish with experts who would provide background testimony before focusing on specifics later.

**D. Discovery and Investigation are Separate Issues from Courtroom Closure**

The defense also states that following the government's requested procedure with respect to sealing would hamper its ability to conduct investigation. [redacted] Closure of the courtroom and the ability to investigate are separate issues governed by separate standards. The defense has not previously approached the government with many of the investigation-related concerns raised in its response prior to the filing of that response. The government is separately negotiating with the defense over changes to the protective order [redacted] and the government is willing to engage with the defense in those

discussions. However, the government submits that the scope of any protective order governing the proper use of discovery materials is the proper forum to litigate any disputes, not courtroom closure. Courtroom closure should be decided based on the First Amendment standards as laid out above and in the opening brief, which the government has amply met.

Under the government's proposal, there would be a publicly available transcript of a portion of what is discussed under seal. The defense would be permitted to use that in the same way as any other transcript, unless the Court agrees to restrictions. If there are matters occurring under seal that the defense believes it needs to use for investigation, the government is willing to engage in good faith in any requests the defense may make to use that information, and the defense would of course be free to petition the Court for relief. To the extent that matters that occur under seal are replicated in discovery materials, the defense would be free to use those materials consistently with the protective order regardless of whether the transcript was sealed, and as noted above, now that the government has been alerted to the defense requests, it is willing to engage in discussions about appropriate modifications to that order (and if the parties cannot reach agreement, they can come to the Court for any matters on which they cannot agree).

The defense also notes that the defendant asserts his [redacted] While it is certainly true that the defendant

---

[3] The defendant does not cite a case standing for the proposition that the Sixth Amendment right to a public trial includes a public right to know the information for discovery and investigative purposes. The case law interpreting the right of the public to trial tends to focus on the benefits to public to knowing what goes on in the courtroom, the defendant's right to have the public see that he is "fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to their responsibility and to the importance of their functions." *See, e.g.*, *United States v. Canady*, 126 F.2d 352, 362 (2d Cir. 1997) (*quoting* In *re Oliver*, 333 U.S. 257, 271 n.25 (1948); *see also In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998) *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998) (purposes of right of public trial include access

has a right to a public trial, that right is not absolute, and partial courtroom closures are justified upon a sufficient showing. The government has made that showing here. The defense does not contest as much; it only contests the precise contours of what should be sealed. For the reasons above, the contours suggested by the government are the proper contours.

## CONCLUSION

For the above reasons, as well as those in the opening brief, the government's motion should be granted.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: ***/s/ Erik Kenerson***

ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530

serving as a check on litigants and judges). Discovery and investigation do not figure into the defendant's Sixth Amendment right to a public trial.